REUBEN T. JONES, APPELLEE, v. HARTFORD FIRE INSURANCE
COMPANY, APPELLANT.

FILED JUNE 19, 1920.   No. 21054.

Evidence: OPINION EVIDENCE. Where, as in this case, the action is for
    personal service or the reasonable value of one's time, involving
    matters arising out of an implied contract, and where the evidence
    as to the reasonable value of such service rests solely upon the ex-
    pression of the opinion of witnesses, it is generally held that such
    evidence is not conclusive upon that issue, and should be submitted
    to the jury for its determination.

APPEAL from the district court for Scotts Bluff county:
RALPH W. HOBART, JUDGE. *Reversed.*

*Morrow & Morrow,* for appellant.

*Wright, Mothersead & York, contra.*

DAY, J.

The appellee recovered a judgment against the ap-
pellant for $70 upon an instructed verdict. The ap-
pellant brings error, urging that the question of the
reasonable value of appellee's time, the question in
issue, should have been left to the determination of the
jury. The record discloses that at the instance of
appellant the appellee made a trip from Scotts Bluff,
Nebraska, to Mohall, North Dakota, to testify in a
case in which appellant was a party, under an implied
contract at least that he was to be paid the reasonable
value of his time. Seven days were consumed in the
trip, and appellee made a charge for his service of
$70, or $10 a day. Upon the trial appellee was the only
witness called, and his testimony was the only evidence
offered. Upon the issue of the value of his time, he
testified that it was fairly and reasonably worth $10 a
day; that at the time he made the trip, in January,
1918, he was engaged in the general insurance business,
and also in buying and selling potatoes; that in 1917

he was employed as an insurance adjuster at $8 a day and expenses; that the usual and customary charge for special work adjustments was $10 a day, and that by being away from his business he lost from $10 to $20 a day. At the conclusion of the testimony, on motion of appellee's counsel, the trial court directed a verdict in favor of appellee for $70. Appellant duly excepted to this instruction.

The pivotal point in the case turns upon the question whether the testimony of the appellee as to the value of his time falls within the rule of opinion testimony, or is it to be regarded as a statement of a fact. As we view it, the testimony was a mere expression of opinion. It is true he stated the matters in positive terms, but they were none the less mere expressions of opinion. In the case of *Davis v. School District*, 84 Neb. 858, the only witnesses called were the plaintiff's witnesses, and between them there was no dispute. It was held: "The opinion of expert witnesses in a case involving the value of the service of an architect, based upon facts in evidence before the jury, need not be substituted by such jury for its own deliberate judgment." In *Fowle v. Parsons*, 160 Ia. 454, the value of the service of a surgeon was the question in issue. There was no dispute in the evidence as to the value of the service. Nevertheless, it was held that the jury must be permitted to determine the question of value, and cannot be directed to return a verdict for the amount claimed. In *Converse v. Morse*, 149 Ia. 454, the service rendered was as a farm-hand. There was no dispute in the evidence as to the value of the service, but the court held that opinion testimony was not conclusive as to the value of the service, and that the issue should have been submitted to the jury. For other cases bearing generally on the question, see note under *Fowle v. Parsons, supra*, 45 L. R. A. n. s. 181; *Head v. Hargrave*, 105 U. S. 45; *Chicago, A. & N. R. Co. v. Whitney*, 143 Ia. 506; *Sanders v. Graves*, 105 Fed. 849. In discussing

Jones v. Hartford Fire Ins. Co.

the question of expert testimony, the court, in *Moore v. Chicago, R. I. & P. R. Co.*, 151 Ia. 353, aptly said: "The jury does not sit simply to register the opinion of an expert witness, even though it be undisputed. It is its own exclusive function to pass upon the fact put in issue. The testimony of the expert may not be arbitrarily rejected, but, like the evidence of every other witness, is to be considered by the jurors, who are to accord to it influence, much or little, according as it appeals to their intelligent and impartial minds, in view of all the facts and circumstances developed upon the trial and the common knowledge and experience of mankind."

While there is a class of cases in which the opinions of experts are entitled to great weight and may be binding upon the jury when undisputed, yet, by the weight of authority, we understand the rule to be, and so hold, that generally in actions for personal service or the reasonable value of one's time, involving matters arising out of an implied contract, and where the evidence of such value rests solely upon the expression of opinion of witnesses, such evidence is not conclusive upon that issue, and should be submitted to the jury for its determination. We do not wish to be understood as holding that the appellee's charges were unreasonable, nor do we express any opinion either way upon that subject. We simply hold that under the evidence offered the question of the reasonable value of the appellee's time should have been submitted to the jury.

For the reasons assigned, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

ALDRICH, J., not sitting.