**BURNETT et ux. v. CENTRAL NEBRASKA PUBLIC POWER & IRRIGATION DIST.**

No. 12006.

Circuit Court of Appeals, Eighth Circuit.

Feb. 19, 1942.

William H. Wright, of Omaha, Neb. (F. A. Wright, of Omaha, Neb., and G. J. McGinley, of Ogallala, Neb., on the brief), for appellants.

M. M. Maupin, of Ogallala, Neb. (R. O. Canaday and P. E. Boslaugh, both of Hastings, Neb., and R. H. Beatty, of North Platte, Neb., on the brief), for appellee.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

In a proceeding under 41 Stat. 1074, 16 U.S.C.A. § 814, to condemn lands for a reservoir site along the Platte River in Nebraska, the appraisers awarded appellants damages of $62,903, but, on an appeal by both parties to the District Court, the jury returned a verdict for only $53,326.75, and appellants have appealed to this Court from the judgment entered on the verdict.

The only question before us is whether the verdict as a whole is arbitrary and capricious, or whether there is substantial evidence to support it.

The property involved was a 2,566.94 acre ranch, located in Keith County, Nebraska. Of this, 854.92 acres were directly appropriated by the condemnation, and the remainder was claimed to have been consequentially damaged. Four experts, testifying on behalf of appellants, estimated the total damages, direct and consequential, at from $101,228.16 to $119,430.76. Five experts for appellee made estimates of from $40,178.36 to $49,599.50. There was evidence showing the character of the land, the kind and quantity of the crops which it had produced, the amount of income ordinarily derived from it, and the price at which appellants had purchased the property, with the date and the comparative conditions existing at the time of the purchase. No question is raised here as to the competency of any of this evidence for jury consideration. In addition, the jury was allowed to visit and inspect the property.

The verdict returned was a general one for the whole amount of the damages sustained, but, by special interrogatories submitted at appellants' request, the jury was asked to indicate, among other things, the value of two specific tracts of 75.83 and 160.01 acres respectively, which were part of the total 854.92 acres of land taken. In answer to one of these special interrogatories, the jury fixed a value of $758.30 on the 75.83 acre tract, whereas the lowest estimate of any expert for appellee was $874.44, and that of any expert for appellants was $1,516.60. Because the value thus fixed by the jury upon this 75.83 acre tract was $116.14 lower than the estimate of any expert for either side, it is contended that the whole verdict of $53,326.75 must be regarded as being arbitrary and capricious, and contrary to the evidence.

Testimony as to the market value of land cannot soundly be regarded as anything more than an expression of opinion.

Byers v. Federal Land Co., 8 Cir., 3 F.2d 9, 11. Of this fact, the range of values testified to by the experts in this case, from $40,178.36 to $119,430.76, is a complete demonstration. In such a common field, a jury cannot be required to substitute the opinion of expert witnesses for its own practical judgment on all the evidence, even in cases where the estimate of the experts may not have been specifically contradicted. Lincoln Land Co. v. Phelps County, 59 Neb. 249, 80 N.W. 818; Davis v. School District, 84 Neb. 858, 122 N.W. 38. While the jury is not at liberty, of course, arbitrarily to ignore such testimony, any more than it may ignore any other competent evidence, it has the absolute right to appraise it and to determine what weight shall be given to it or any part of it, in the light of all the general facts and circumstances developed on the trial, and of its own common knowledge and ordinary experience. Gloyd v. Commissioner, 8 Cir., 63 F.2d 649; Jones v. Hartford Fire Insurance Co., 104 Neb. 735, 178 N.W. 611. If it has been permitted to inspect the property, it is entitled, under the law of Nebraska, to treat such an inspection as part of the evidence of the case, and to make it an appropriate factor in its decision. Carter v. Parsons, 136 Neb. 515, 286 N.W. 696, and cases there cited.

Within the scope of the general facts developed by the evidence, and with proper allowance for the evidentiary effect to be accorded an inspection of the property under Nebraska law, a jury in an ordinary condemnation case, such as this, must accordingly be permitted to exercise that power of deliberative flexibility, which is one of the principal virtues of our jury system, and it cannot arbitrarily be required to return a verdict within the mathematical limitations fixed by the expert witnesses for the parties. United States v. Powelson, 4 Cir., 118 F.2d 79. When the verdict is questioned on appeal, it will not be tested by the simple fact of its lack of adherence to the opinions of the expert witnesses, but the whole record will be examined to see whether it convincingly demonstrates such an arbitrariness of action as fails to satisfy the requirement of due process. If there is substantial general evidence, upon which the result may fairly rest by sound inference and in the light of the jury's common knowledge and ordinary experience, the inquiry will not be further pursued by the appellate court.

In the present case, as we have previously pointed out, the general evidence showed the character of the land, the kind and quantity of the crops which it had produced, the amount of income ordinarily derived from it, and the price at which appellants had purchased the property, with the date and the comparative conditions existing at the time of the sale. These facts, aided by the inspection which the jury made of the property, are a sufficient foundation to show the general soundness of the verdict returned. In addition, the fact that, in returning a verdict for $53,326.75, the jury also stayed within the extremes of $40,178.36 and $119,430.76, fixed by the opposing experts, is to us a strong indication that the evidence of such witnesses was not arbitrarily ignored. In this situation, a difference of $116.14 on the valuation of a 75.83 acre tract cannot be accepted as a convincing demonstration that the evidence of the expert witnesses was arbitrarily ignored or rejected by the jury in its deliberations.

Appellants attempt to argue also that the jury must arbitrarily have ignored the testimony of the expert witnesses as to another specific tract, but this argument rests purely upon speculation, since the value of this particular tract was not made the basis of a separate special interrogatory, but was included with other property in the interrogatory submitted. In this situation, there can be no basis for its consideration here as an attack upon the integrity of the jury's general verdict.

Affirmed.