SAMUELSON et al. v. CENTRAL NEBRASKA PUBLIC POWER & IRRIGATION DIST.

No. 12005.

Circuit Court of Appeals, Eighth Circuit.

Feb. 19, 1942.

William H. Wright, of Omaha, Neb. (F. A. Wright, of Omaha, Neb., and G. J. McGinley, of Ogallala, Neb., on the brief), for appellants.

M. M. Maupin, of Ogallala, Neb. (R. O. Canaday and P. E. Boslaugh, both of Hastings, Neb., and R. H. Beatty, of North Platte, Neb., on the brief), for appellee.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

This case is controlled by the principles discussed in Burnett v. Central Nebraska Public Power and Irrigation District, 8 Cir., 125 F.2d 836, this day decided.

The property taken by the condemnation consisted of a store-building, a residence, a one-room rental structure, and various outbuildings, together with the real estate on which they were situated, in the village of Lemoyne, Nebraska. The lowest value

placed upon the whole of this property by any of appellee's experts was $5,875, while the highest value placed upon it by any expert for appellants was $16,410. Appellants also claimed consequential damages, by reason of the necessity of removing the fixtures and stock of merchandise from the store. The only testimony as to the specific amount of this consequential damage was by one of the appellants, who estimated that the removal would occasion a depreciation of $1,088.34 to the fixtures, and $1,500 to the stock of merchandise.

The jury returned a general verdict in favor of appellants for $7,150, but, in response to special interrogatories requested by appellants, it placed a value on the store property of $1,765, which was $875 lower than the testimony of any expert witness; fixed the value of the one-room rental structure at $170, which was $40 lower than the testimony of any expert witness; and allowed consequential damages to the store fixtures in the sum of $350, and to the stock of merchandise in the sum of $360, which amounts were $738.34 and $1,140 lower, respectively, than the uncontradicted testimony of one of the appellants as to these items.

Appellants' argument for reversal can perhaps most easily be summarized by the following quotation from their brief: "The fact that in two instances the verdict is for an amount less than the testimony of witnesses for both the appellants and the appellee, and that in two other instances the jury disregarded undisputed testimony, would seem to establish conclusively that the verdict was the result of partiality, passion, prejudice, or mistake on the part of the jury."

As we have indicated in the Burnett case, supra, a jury is never required, in an ordinary condemnation proceeding, to accept as conclusive the estimates of value made by expert witnesses on either side. There ordinarily is in such cases some general testimony as to the location, character, use, etc., of the property, and other pertinent facts usually also are developed on direct or cross examination of the witnesses. All of this the jury is entitled to consider, together with any reasonable inferences which may be made therefrom, and it may properly exercise its own deliberate judgment on the amount of the damages, from the evidence as a whole, in the light of its common knowledge and ordinary experience, giving to the estimates of the expert witnesses only such weight as it conscientiously feels they are entitled to receive under all the circumstances. Where an inspection of the property constitutes evidence, as it does under the law of Nebraska, the facts revealed thereby may properly be made a factor in the jury's determination.

In an attack upon the verdict on appeal, we will not undertake to test its pecuniary sufficiency, as such, but only to check the general processes on which the result rests, to see that they do not indicate such controlling arbitrariness or capriciousness on the part of the jury, as would make the trial and its result, in effect, a violation of due process. Compare United States Can Co. v. Ryan, 8 Cir., 39 F.2d 445, 447; Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L. Ed. 439. We will not set aside a verdict as arbitrary and capricious, unless it can be demonstrated that there is utterly no basis on which it can reasonably rest under the evidence, having appropriate and necessary regard for that flexibility of functioning, which is an inherent part of the jury system. "Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct." Fairmount Glass Works v. Cub Fork Coal Co., supra, at page 485 of 287 U.S., at page 255 of 53 S.Ct., 77 L.Ed. 439.

Here, on the question of direct damages, there was evidence showing the age, character of construction, and general condition of the improvements involved, the cost of the property to appellants and the comparative situation existing at the time of its purchase, as well as general community conditions in the village of Lemoyne. The competency of this evidence is in no way challenged, and the jury had a right to consider it, not as being merely subordinate to the opinions of the expert witnesses for either side, but in the light of its own common knowledge and ordinary experience, to weigh all of such evidence, and, aided by its inspection of the property, to exercise its own conscientious judgment as to the value of the property. The same is true as to the consequential damages to the store fixtures and stock of merchandise, in relation to the uncontradicted but inherently weak testimony of one of the appellants.

In this situation, we clearly would not be justified in declaring arbitrary and

capricious a general verdict, which, as has been indicated, was within the range of the total damages estimated by some of the expert witnesses, but as to which the jury, in the exercise of its conscientious judgment, differed with all of the experts on the extent of some of the component items of damage involved.

Affirmed.