James E. Garstang, of St. Louis, Mo. (Carter, Bull & Garstang, of St. Louis, Mo., on the brief), for appellant.

Richard D. Shewmaker, of St. Louis, Mo. (Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an action brought by Signe A. Carroll against May Department Stores Company to recover damages for personal injuries. It was commenced in the Circuit Court of the City of St. Louis, Missouri, and removed by the defendant to the United States District Court for the Eastern District of Missouri on the ground that the amount in controversy exceeded $3,000 and that diversity of citizenship existed. The factual situation out of which the controversy arose is stated in detail in the opinion of the St. Louis Court of Appeals in Carroll v. May Department Stores Co., 180 S.W.2d 793, an action brought by plaintiff's husband to recover the damages sustained by him due to the injuries of his wife.

For the purposes of this opinion, it is enough to say that the plaintiff was injured while on a sidewalk adjacent to the defend-

**MAY DEPARTMENT STORES CO. v. CARROLL.**

No. 12722.

Circuit Court of Appeals, Eighth Circuit.

Oct. 9, 1944.

ant's department store in St. Louis, Missouri, when she was struck by an ash stand which fell from a window of the store. She brought this action upon the theory that, under the law of Missouri, the doctrine of res ipsa loquitur applied to her case. The defendant denied that it was negligent. The issues were tried to a jury. At the close of the evidence, the defendant moved for a directed verdict. The court reserved its ruling on the motion, and submitted the case to the jury upon the theory that, under Missouri law, the doctrine of res ipsa loquitur applied and that the plaintiff had therefore made a prima facie case. The jury returned a verdict for the plaintiff, upon which judgment was entered. The defendant moved for judgment notwithstanding the verdict or for a new trial. Its motion was denied; and it appealed to this Court.

The appeal was argued at the January, 1944, term. The main contention of the defendant was that the doctrine of res ipsa loquitur was inapplicable, and that the plaintiff had failed to prove that the defendant was guilty of any actionable negligence. It appeared that the case of the plaintiff's husband growing out of the same accident had been tried in the Circuit Court of the City of St. Louis, and that the jury had returned a verdict in his favor, but that the court had granted a new trial on the ground that the doctrine of res ipsa loquitur was inapplicable and that he had therefore not made a case for the jury. It also appeared that the husband had appealed to the St. Louis Court of Appeals from the order granting a new trial, and that the case was then pending in that court.

Since this Court was required to follow the applicable law of Missouri as determined by the courts of that State, the parties, after the submission of the case, stipulated that our decision should be withheld until the final determination of the husband's case. That case has now been decided by the St. Louis Court of Appeals adversely to the defendant (Carroll v. May Department Stores Co., supra), and certiorari has been denied by the Supreme Court of Missouri.

The defendant concedes that the decision of the state appellate court in the husband's case leaves only one question for us to decide. That relates to an exception by the defendant to the charge of the court.

We quote the portion of the record which raises the question:

"The Court: Well, gentlemen you had better note this other exception of yours. Mr. Garstang?

"Mr. Garstang: The only exception that I have is that when explaining the main instruction requested by plaintiff, the Court failed to require a finding by the jury of negligence of the defendant causing the ashstand to fall. In other words, even though the jury might think the defendant was negligent in some respect, whatever the negligence was, that they find it must be the proximate cause of the falling of the stand.

"Thereupon, an instruction requested by defendant's Counsel was marked 'refused' by the Court, said refused instruction being in words and figures as follows:

" 'If after careful considering all of the evidence in the case you find that defendant had no control over the ash stand mentioned in the evidence at the time and place mentioned in the evidence, and that it was caused to fall through the conduct or act of some person not in the employ or under the control of defendant, and that the fall of said ash stand was not caused by the negligence of defendant, then your verdict must be in favor of the defendant, notwithstanding plaintiff's injury.' "

All that can be claimed for this exception to the court's instructions is that it directed the court's attention to the assertion of the defendant that the court in its charge had not covered the subject matter of the requested instruction and that the defendant was entitled to have it covered.

In our opinion, the charge of the court was adequate and fair and as favorable to the defendant as it reasonably could be. The court told the jury, in substance, that, under the circumstances disclosed by the evidence, an inference that the defendant was negligent was warranted, but that the burden was upon the plaintiff to show by the greater weight of the evidence that the defendant was negligent and that her injuries were due to its negligence; that if, from a consideration of all the evidence, the jury did not "feel" that the inference of negligence was warranted, then their verdict should be for the defendant; and that if they found and believed that the defendant was not negligent their ver-

dict must be for the defendant "notwithstanding plaintiff's injury." In its charge the court said:

"* * * Of course, gentlemen, if you conclude—or I should more properly say if you fail to find from the greater weight of the evidence that the defendant had any control or right of control over the ashstand which struck the plaintiff, then your verdict will be for the defendant. As you recall, it is essential to plaintiff's recovery that you find the ashstand introduced in evidence belonged to defendant and was part of the equipment of the defendant's store. If you fail to find those facts, then your verdict will be for the defendant."

We think that the subject matter of the defendant's requested instruction was sufficiently covered by the instructions of the court.

The judgment appealed from is affirmed.