## HOBLIK et al. v. UNITED STATES.
### No. 13056.

Circuit Court of Appeals, Eighth Circuit.

Dec. 12, 1945.

Jay M. Rowland, of Hot Springs, Ark., for appellants.

Kelsey Martin Mott, Atty., Department of Justice, of Washington, D. C. (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., John E. Harris, Sp. Asst. to Atty. Gen., and Roger P. Marquis, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment entered upon the verdict of a jury in condemnation proceedings brought by the United States to acquire 11,921 square feet of land for the expansion of the Army and Navy General Hospital in the city of Hot Springs, Arkansas. The land belonged to the appellants. The Government filed a declaration of taking on January 31, 1944, the day the proceedings were commenced, and deposited $10,000 as the estimated compensation. The issue of just compensation was the only issue tried. The jury returned a verdict for $11,000.

The appellants, upon the trial, did nothing to direct the court's attention to the contention that the evidence would not justify a verdict as favorable to the Government as that which was returned. After the verdict, the appellants moved for a new trial upon the following grounds: (1) That the verdict was inadequate; (2) that the verdict was a quotient verdict; and (3) that the jury did not give adequate consideration to the question of value. The motion was denied.

The points upon which the appellants rely for reversal, as stated in the index to their brief, are the following:

"Point I—The jury made a finding of fact as to the value of the property without support in the evidence.

"Point II—The Court erred in denying a motion for a new trial on the ground of a quotient verdict.

"Point III—That the verdict is so insufficient that it denies the appellants due process of law guaranteed by the Constitution of the United States."

The question of the sufficiency of the evidence to sustain a verdict is usually not subject to review on appeal unless the record shows that, during the trial, that question was presented to the trial court by a motion for a directed verdict, a request for a ruling or an instruction, or some other equivalent action. Ayers v. United States, 8 Cir., 58 F.2d 607, 608, 609; Combs v. United States, 8 Cir., 65 F.2d 787; Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175, 176; United States v. Harrell, 8 Cir., 133 F.2d 504, 506; Palmer v. Miller, 8 Cir., 145 F.2d 926, 930. The reason for this rule is that, since the jurisdiction of this Court is appellate, it cannot retry the case or consider a question which was not presented to or ruled upon by the trial court at the trial. In this case, however, we shall assume that the question of the sufficiency of the evidence to support the verdict is properly before us. In a case such as this, where the sole issue was one of fact for the jury, it reasonably can be urged that a verdict, if entirely without evidentiary support, should be set aside to prevent a manifest miscarriage of justice. Compare, United States v. Harrell, supra, 133 F.2d 504, 506, 507.

The property of the appellants, taken by the Government, consisted of a lot upon which there was a frame four-story hotel building about sixty-five years old. The hotel, which contained about 45 guest rooms, about ten bathrooms, two lobbies, two dining rooms, a kitchen, storeroom, basement and boiler room, was being operated by the appellants as a hotel at the time of the taking. They had acquired it in 1936 for $6,000. It was insured against fire for $2,000. The appellant Charles W. Hoblik testified that the property was worth $52,800, and that, since its acquisition, $19,780 had been expended in repairs and improvements. He introduced no evidence to substantiate his estimate of value or his statement as to these expenditures. He testified that he purchased a vacant lot in 1944 about 150 feet south of the lot taken by the government, and paid $5,500 for it; that it is not as valuable a lot as the one taken; that he purchased the new lot because he thought he could build a hotel on it; that it is about ten feet above grade, and that grading and excavation for a basement would require the removal of about 9,000 cubic yards of dirt at a cost of $1.50 to $2.00 a yard. In addition to the testimony of Charles W. Hoblik, there was testimony of the contrac-

tor who wrecked the hotel building. The substance of his testimony was that the building was in fine condition, considering its age; that the plumbing and heating equipment was good; that the timbers were solid and firm; that the roof and floors were good; that the hotel had been newly decorated with paint and paper; and that he paid the Government $586 for the building. He expressed no opinion as to the fair market value of the property. The appellants introduced no evidence as to what revenues the hotel had produced or was capable of producing.

The Government introduced the evidence of three real estate men. Their qualifications to testify as to the value of the property were not questioned. One of them testified that the fair market value of the property, at the time of the taking, was $7,500; another testified that it was "$8,000, tops"; and the third, that it was $8,400.

It is obvious, from what we have said, that the finding of the jury that the fair market value of the property was $11,000 at the time it was taken by the Government was supported by substantial evidence. See and compare, Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892, 895. There is nothing which settles an issue of fact with greater finality and conclusiveness than the verdict of a jury.

There are two reasons why the verdict cannot be challenged upon the ground that it was a quotient verdict. The first reason is that there is nothing in the record to show that it was a quotient verdict; and the second is that the verdict could not, in any event, be impeached by the appellants upon that ground. McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Manhattan Oil Co. v. Mosby, 8 Cir., 72 F.2d 840, 847.

The record shows that the appellants had their full day in court; that all pertinent evidence offered by them was received; and that the case was submitted to the jury under proper instructions, to which no exceptions were taken. If, as the appellants assert, the verdict was for an inadequate amount, that was due to no error of law committed by the trial court. Compare, Emanuel v. Kansas City Title & Trust Co., supra, 127 F.2d 175, 180, and Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444. As was said by the Supreme Court in Fair-

mount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 485, 53 S.Ct. 252, 255, 77 L. Ed. 439, "Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct."

The judgment appealed from is affirmed.