MATHEWS TRUCKING CORPORATION *v.* ZIMMERMAN.

4-9985                                                    255 S. W. 2d 168

Opinion delivered February 16, 1953.

Rehearing denied March 16, 1953.

*Rose, Meek, House, Barron & Nash* and *Wootton, Land & Matthews,* for appellant.

*G. W. Lookadoo* and *Lookadoo & Lookadoo,* for appellee.

WARD, Justice.   Lessie Mae Zimmerman and Mildred Zimmerman, appellees herein, were injured by colliding with a truck-tractor owned by Marion Coscia and driven by Jack Anderson on the night of Friday, March 16, 1951.   Separate suits were filed and a recovery of $3,000 in each case was obtained against appellant, a foreign corporation, on the ground that Coscia was its employee.

Appellant does not question the negligence of Coscia [or Anderson] but contended in the lower court and contends here that Coscia was not, at the time of the accident, its employee or servant, but that he was on his own or was an independent contractor.   Appellant also urges here that the judgment in favor of Lessie Mae is excessive.

The principal question presented is:   Under the evidence, was Coscia, at the time of the accident, an in-

dependent contractor or was he a servant of appellant? The factual background, as reflected by the record, is substantially as set out below.

The Mathews Trucking Corporation is a common carrier of freight for hire, operating in and through several states under authority from the Interstate Commerce Commission, with one of its terminals in Memphis, Tennessee. Most, if not all, of its freight is carried in large trailer trucks, and it supplements its own trucking facilities by renting equipment from others, either by what is known as a permanent lease or a spot lease. A permanent lease may cover several months or even years while a spot lease covers one specific trip, and, in either event, the owner of the truck either drives it himself or furnishes the driver. Appellant always furnishes the lessor its I. C. C. card showing the number assigned it by the Interstate Commerce Commission. Appellant acknowledges that this arrangement makes it liable for the negligent operation of any said leased equipment when actually engaged in hauling for it. This case, however, does not fall within the situation just mentioned because Coscia was not at the time of the accident engaged in hauling freight for appellant.

On Friday, March 16, 1951, appellant had a shipment of freight, consigned to an eastern state, loaded on a trailer at Memphis and it wanted the shipment to go forward on the following Monday. However, for some reason, the loaded truck could not make the trip and it was necessary for appellant to obtain other equipment, and it accordingly contacted Marion Coscia.

Coscia was a spot lessor and as such had previously made many trips for appellant. At this particular time Coscia's tractor was in Memphis, but his trailer was in Fort Worth, Texas, where it had been left for repairs. All this was known to appellant.

When Coscia was contacted on Friday by Mr. Staley, manager of the Memphis office, he was informed of the situation and it was arranged for him to go to Fort Worth after his trailer and start the trip east on

Monday. What was said and done about engaging Coscia, and the surrounding circumstances, have a direct bearing on the question of his relationship to appellant.

Knowing, as stated, that Coscia's trailer was in Fort Worth, he was instructed to go after it and have it back in Memphis by Sunday so that the produce could be unloaded and reloaded on his trailer. In view of the distance to be covered and the short time available to return the trailer, it was recognized that an assistant would be needed to help Coscia do the driving, and so appellant made arrangements, or assisted Coscia in doing so, for the services of Jack Anderson, who was an employee of Bowman Transportation Company, located near appellant's place of business. It was the understanding between Coscia and Staley that Coscia would pay all the expenses, including Anderson's charges, incidental to returning the trailer. However, it was also understood by them that in order to reimburse or partially reimburse Coscia, he would receive 75% of the freight charges for the load to be hauled instead of 70%, as was the custom. Coscia was informed that appellant would have employees ready to load his truck on Sunday.

The above arrangements having been made, Coscia and Anderson left Memphis late Friday afternoon in Coscia's tractor for Fort Worth, and, while Anderson was driving, the accident occurred that night near Arkadelphia.

Under the instructions of the court the question was fairly presented to the jury to determine under all the evidence whether Coscia was, at the time of the accident, an independent contractor of appellant, a servant of appellant, or was on business for himself. The instructions also defined for the jury what constitutes an "independent contractor" and a "servant." We do not deem it necessary to set out the specific objections made by appellant to the different instructions for the reason that they were all, with the exceptions hereafter mentioned, directed to the contention that there was no substantial evidence showing Coscia was a servant, or that he was an independent contractor and appellant was not

liable. As to the latter, the jury was instructed that if it found Coscia was an independent contractor, appellant would not be liable.

We are unable to agree with appellant's principal contention. We have uniformly held that these are questions depending on facts and that the jury's determination is final if supported by substantial evidence. In this case we think there was substantial evidence to support the jury's finding.

One of the determining factors generally looked for to establish the relation of servant is the control the master exercises over his acts. Appellant ably argues that here it had no control over Coscia. The situation here, it is said, is like A telling B to mow his lawn and B injures C while taking his (B's) mower to A's house. We think elements are present in this case which distinguish it from the illustration. These elements are: (a) appellant was concerned that the shipment be made at the earliest possible moment; (b) it was to appellant's interest that the trailer be made available at the time specified; and (c) Coscia was being paid extra for the trip after the trailer. All of this, it seems to us, amounted to appellant exercising specific if not almost complete, control over the actions of Coscia from the time he left Memphis on Friday afternoon 'till he was to return on Sunday. At least the schedule required of Coscia left very little time for actions of his own initiative. Consequently we conclude that when the jury found Coscia was a servant of appellant, its decision was supported by substantial evidence.

In *Wright* v. *McDaniel*, 203 Ark. 992, 159 S. W. 2d 737, this rule was approved:

" 'The conclusion as to the relationship must be drawn from all the circumstances in proof, and where there is any substantial evidence tending to show that the right of control over the manner of doing the work was reserved, it became a question for the jury whether or not the relation was that of master and servant.' "

Many other decisions of our Court on this point are unanimously to the same general effect.

*Judgment not excessive.* Appellant contends that the judgment for $3,000 in favor of Lessie Mae is excessive and, in this connection, objects that the court's instruction permitted the jury to consider the effect of her injuries on her health.

We think the questioned instruction was justified because Lessie Mae testified that for some time she had headaches and that it hurt her head to comb her hair, that she couldn't play basket ball any more because her ankles turned easily, and that whereas her eyes had been perfect before the accident, she now had to wear glasses and couldn't read without them unless the writing was very large.

In addition to the above, there was other evidence regarding her injuries and the treatment thereof, and we are unable to say the verdict of the jury was excessive.

We have considered other objections raised by appellant relative to the admission of evidence regarded as hearsay and opinion evidence, and we are convinced there is no reversible error in the rulings of the trial court pertaining thereto.

Affirmed.

GEORGE ROSE SMITH, J., not participating.