### ZIMMERMAN v. MATHEWS TRUCKING CORP.

No. 14693.

United States Court of Appeals Eighth Circuit.

April 27, 1953.

Rehearing Denied July 3, 1953.

J. W. Barron, Little Rock, Ark. (Wootton, Land & Matthews, Hot Springs, Ark., Eugene A. Matthews and Rose, Meek, House, Barron & Nash, Little Rock, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment of the District Court entered June 4, 1952, granting a motion of the defendant (appellee) for judgment notwithstanding a verdict for the plaintiff (appellant) and dismissing his complaint.

The action was brought to recover damages for the death of plaintiff's wife, his own injuries and the virtual destruction of his automobile resulting from a head-on collision of his car with a motor tractor driven by Jack Anderson who was accompanied by Marion Coscia, the owner of the tractor. The collision occurred the night of March 16, 1951, near Arkadelphia, Arkansas.

The claim upon which the plaintiff's complaint was based was, in substance, that the defendant, an interstate motor carrier of freight, had, at Memphis, Tennessee, on March 16, 1951, leased the motor tractor from Coscia and had employed him to go to Fort Worth, Texas, to pick up his trailer and return to Memphis in order to transport a shipment of oleo from that place to a destination to be designated; that Coscia hired Jack Anderson to assist him in making the trip to Fort Worth and return; that Coscia and Anderson were agents, servants and employees of the defendant; and that in driving south on highway 67 near Arkadelphia, Arkansas, the tractor was negligently driven onto the wrong side of the highway, directly into the path of plaintiff's automobile going north, causing the collision and the death, injuries and damages recovery for which was sought. The defendant in its answer denied liability.

The case was tried to a jury in April, 1952. It was admitted at the trial that the

J. H. Lookadoo, Arkadelphia, Ark. (G. W. Lookadoo, Arkadelphia, Ark., on the brief), for appellant.

injuries of the plaintiff, the death of his wife, and the damage to his car were attributable to the negligence of Anderson

and Coscia in the operation of the motor tractor. The controverted issue was whether their relation to the defendant was such that it could be held responsible for their acts.

The plaintiff's evidence was to the effect that the defendant, through R. L. Staley, its manager at Memphis, had arranged with Coscia, whose tractor was in Memphis and whose trailer was in Fort Worth, to drive his tractor to Fort Worth, get his trailer and return to Memphis for the purpose of taking on a shipment of oleo and transporting it East for the defendant. The defendant's evidence was that no such arrangement had been, or could have been, made with Coscia; that Staley was not in Memphis on March 16, 1951, when the alleged oral agreement with Coscia was asserted to have been made, and that the defendant had no reason for employing Coscia to go to Fort Worth for his trailer or for leasing his equipment to transport a shipment of oleo for the defendant.

At the close of the evidence, the defendant moved for a directed verdict upon the grounds (1) that the undisputed evidence showed that Coscia was not an agent, servant or employee of the defendant at the time of the collision, but was, under the plaintiff's evidence, an independent contractor, and (2) that the plaintiff had failed to show the existence of any relationship between Coscia and the defendant which would make it legally liable for the collision and its results. The District Court denied the defendant's motion.

The court's charge contained the following instruction:

"The plaintiff contends that the said Coscia and his employee Jack W. Anderson, were traveling from Memphis, Tennessee to Fort Worth, Texas, under and by virtue of an agreement entered into between the said Coscia and the authorized representative of the defendant whereby the said Coscia was to go to Fort Worth, Texas and procure and return his trailer to Memphis, Tennessee, for the purpose of loading a quantity of oleo in said trailer and for delivery by the said Coscia for the defendant to a consignee of said oleo in the State of New Jersey or New York, and that the said shipment of oleo would be held by the defendant at or near its terminal in Memphis, Tennessee for a reasonable time to permit the said Coscia to obtain and return the trailer for the purpose of loading the oleo, and that he, Coscia, was to receive an extra allowance of 5% of the freight to cover his expenses in making the trip to Fort Worth and return. If you find from a preponderance of the evidence that on March 16, 1951, it was agreed between the said Coscia and R. L. Staley, the terminal manager of the defendant at Memphis, Tennessee, that the said Coscia would transport for the defendant from Memphis, Tennessee, to the State of New Jersey or New York the said oleo and that it was understood and agreed between said parties that the said Coscia, as a part of the agreement, should go to Fort Worth, Texas, and return his trailer to Memphis, and that as a consideration the defendant would allow the said Coscia an additional 5% of the freight charges to reimburse him for his expenses in going to Fort Worth and returning to Memphis and that the said Coscia was en route to Fort Worth pursuant to and in accordance with such agreement at the time of the collision with the plaintiff's automobile, then the defendant would be liable, and you will find the issues in favor of the plaintiff."

The defendant took no exception to the court's instructions. The plaintiff had requested the court to submit to the jury the question whether the relationship of the defendant and Coscia was that of master and servant. Exceptions were saved by the plaintiff to the refusal of the court to give his requested instructions.

On April 11, 1952, the jury returned a verdict for the plaintiff, awarding him $23,915.00 for his injuries and damages to his automobile, and $25,600.00 for the loss of his wife. On April 16, 1952, the defendant moved for judgment notwithstanding the verdict of the jury or for a new trial. The court on June 4, 1952, granted the

motion for judgment. **In its opinion the** court said:

"* * * The facts, under the most favorable view to plaintiff fail to present a question of fact for the jury on the contention that the relationship of master and servant existed. It is obvious that at most the only control or the right thereof retained by the defendant in this case was as to the result, with the means and methods for the accomplishment of that result being left entirely to Coscia and his employee." [105 F.Supp. 59.]

It was the conclusion of the District Court that, while there was substantial evidence of the existence of the agreement which the plaintiff claimed established a master-servant relationship between the defendant and Coscia, the evidence conclusively showed that under the agreement and the applicable Arkansas law Coscia was an independent contractor for whose acts the defendant was not responsible.

The court denied the motion of the defendant for a new trial, stating that if the theory upon which the case was submitted to the jury was correct the verdict should stand, that there were no errors in rulings on evidence, that there was substantial evidence to support the jury's findings under the instructions, and that the verdict was not excessive nor the result of passion and prejudice. The plaintiff on June 30, 1952, appealed from the order of June 4, 1952, granting the defendant's motion for judgment and dismissing the plaintiff's action.

When this appeal came on for argument at the March 1953 session of this Court, our attention was called to the fact that the Supreme Court of Arkansas had on February 16, 1953, in Mathews Trucking Corporation v. Zimmerman, Ark., 255 S.W.2d 168, affirmed two judgments for three thousand dollars each entered upon the verdict of a jury in favor of Lessie Mae Zimmerman and Mildred Zimmerman. Each of them had sued the defendant for damages for personal injuries resulting from the same collision in which the plaintiff was injured and his wife killed. The suits were brought in the Circuit Court of Clark County, Arkansas, and were consolidated for trial.

Counsel have supplied us with the Abstract and briefs which were submitted to the Supreme Court of Arkansas.

It appears that the plaintiffs in the State court case are the daughters of the plaintiff in the instant case; that they were passengers in his automobile at the time of the collision; that in their case the issues and the lawyers were the same as in the case before us; and that the evidence was substantially the same and the contentions of the parties no different. The verdict in favor of the daughters in the Circuit Court of Clark County was returned on March 24, 1952, and judgments were entered. This was more than two weeks before the plaintiff in the federal court action secured a verdict in his favor. On April 4, 1952, the defendant filed a motion for a new trial in the State court case, which was "overruled in due course" and evidently before April 16, 1952, when the defendant filed its motion for judgment notwithstanding the verdict in the federal court, since the State trial court allowed the defendant 120 days to file its bill of exceptions, and this was filed on June 7, 1952, three days after the federal District Court had set aside the verdict for the plaintiff and entered judgment for the defendant.

The situation which existed at the time the defendant filed its motion for judgment was apparently this: The State trial court had ruled that the judgments for the daughters based on the verdict of a jury were, under Arkansas law, valid judgments and that the defendant was not entitled to have them set aside. The defendant was asking the federal court to rule that, under the same law and the same facts, the verdict obtained by the plaintiff in that court was invalid and that the defendant was entitled to have it vacated and to have judgment entered notwithstanding.

It is obvious that, at the time the defendant's motion for judgment or for a new trial was presented to the federal District Court, the parties should have called its attention to the State court proceedings in the daughters' case, and to what the Supreme Court of the United States had said in West v. American Telephone & Telegraph Co., 311 U.S. 223, 236–237, 61

S.Ct. 179, 85 L.Ed. 139, and what this Court had said in Yoder v. Nu-Enamel Corporation, 8 Cir., 117 F.2d 488, 489, relative to having recourse to all available data, including the decisions of local courts, in ascertaining the applicable law of a state. The federal District Court should then have been requested to defer its ruling on the motion until the final determination of the daughters' case. See and compare May Department Stores Co. v. Carroll, 8 Cir., 144 F.2d 733. That would have saved much trouble and expense and probably would have obviated an appeal to this Court.

In Guaranty Trust Co. v. York, 326 U.S. 99, at page 108, 65 S.Ct. 1464, at page 1469, 89 L.Ed. 2079, the Supreme Court, after pointing out that a federal court, in a case such as the instant one, is, "in effect, only another court of the State," said (326 U.S. at page 109, 65 S.Ct. at page 1470): "The nub of the policy that underlies Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."

■ Since the challenged ruling and judgment of the federal District Court is in conflict with that of the Circuit Court of Clark County and with the subsequent decision of the Supreme Court of Arkansas affirming the Circuit Court, the order and judgment under review cannot possibly be sustained.

■ In its brief the defendant states that, since the issues whether Coscia was a servant and whether the defendant's manager at Memphis had authority to make the agreement with Coscia upon which the jury's verdict was based were not submitted to the jury, the case, in the event of a reversal, must be retried. The defendant did not ask at the trial that either of these issues be submitted to the jury, nor object to the court's failure to submit them. The factual basis for the plaintiff's claim that Coscia was, under Arkansas law, a servant of the defendant was established by the jury's verdict. The defendant is in no position to complain of the failure of the court to submit these issues to the jury.

■■ The contention that the verdict was so excessive as to entitle the defendant to a new trial is, we think, fully answered by the opinion of Judge Johnsen in St. Louis Southwestern Railway Co. v. Ferguson, 8 Cir., 182 F.2d 949, 954–956. This Court has consistently adhered to the proposition that the responsibility for keeping jury awards within reasonable bounds is essentially that of the trial courts and not of this Court.

The judgment appealed from is reversed with directions to reinstate the verdict of the jury and to enter judgment thereon in favor of the plaintiff.