MYRA FOUNDATION, a Corporation, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16101.

United States Court of Appeals
Eighth Circuit.
June 17, 1959.

Robert Vaaler, Grand Forks, N. D. (Day, Stokes, Vaaler & Gillig, Grand Forks, N. D., on the brief), for appellant.

Hugh Nugent, Atty., Dept. of Justice, Kansas City, Mo. (Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., Robert Vogel, U. S. Atty., and Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and MATTHES, Circuit Judges.

GARDNER, Chief Judge.

This is a proceeding in condemnation brought by the United States to determine the just compensation to be paid for certain tracts of land belonging to various owners for an expansion of the Grand Forks Air Base, near Grand Forks, North Dakota. Appellant was the owner of one of the tracts included in the condemnation proceeding and it consist-

ed of 160 acres of land designated in the record as Tract A-122. While owners of the other tracts described in the condemnation proceeding were made parties, they have not appealed from the judgment and they need be given no further consideration. At the time of filing of the complaint the Government filed a declaration of taking and deposited in the registry of the court the sum of $11,988.15, its estimated compensation to be paid for the property taken and for property damage, and it was thereupon awarded immediate possession of the land so appropriated.

It was contended by appellant that it was entitled to recover, as just compensation for the 160 acres of land actually taken, damages in the nature of severance damage to adjoining property owned by it, and there was testimony produced by the Government and likewise by the appellant, both as to the value of the property condemned and the estimated amount of damage to appellant's adjoining property. The evidence will be further developed in the course of this opinion.

At the close of all the evidence neither party moved for a directed verdict, and the court submitted the case to the jury on instructions to which appellant interposed certain objections not preserved in the printed record. The jury returned a verdict fixing the reasonable value of the property taken at $12,800 and the severance damage caused by the taking at $480. The court entered judgment pursuant to the verdict of the jury, following which appellant moved for a new trial. The court overruled this motion and appellant has appealed, seeking reversal on the following grounds: (1) The court erred in denying its motion for new trial on the grounds that the jury disregarded the court's instructions in determining on their verdict, and (2) the court erred in its instruction to the jury on the matter of quotient verdict.

■ The jurisdiction of this Court is appellate and it cannot retry the issues de novo, nor can we ordinarily pass on issues not presented to the trial court.

In other words, we are limited to alleged errors in law and not error or mistake of fact. To warrant this Court in considering the question of the sufficiency of the evidence to sustain a verdict, that question must have been presented to the trial court by a motion for a directed verdict, by a request for instructions or by some other affirmative action. Hoblik v. United States, 8 Cir., 151 F.2d 971; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356; Harnik v. Lilley, 8 Cir., 167 F.2d 159. In the instant case the complaint goes to the amount of the verdict. We have consistently held that the remedy for excessive or inadequate verdicts is by motion for new trial and that the ruling of the trial court on such motion will not be reviewed by this Court. Agnew v. Cox, 8 Cir., 254 F.2d 263; Zimmerman v. Mathews Trucking Corp., 8 Cir., 203 F.2d 864. The Seventh Amendment of the Constitution of the United States provides, among other things, that:

" * * * no fact tried by a jury, shall be otherwise re-examined in any Court in the United States, than according to the rules of the common law."

At common law, at the time of the adoption of this Amendment, the only method of reviewing facts tried by a jury was a motion for new trial presented to the trial court. Agnew v. Cox, supra. In Zimmerman v. Mathews Trucking Corp., supra, it is said, inter alia [203 F.2d 868]:

"This Court has consistently adhered to the proposition that the responsibility for keeping jury awards within reasonable bounds is essentially that of the trial courts and not of this Court."

■ Appellant did not request any instructions going to the measure or method of determining damages. Had it done so, and such request had been refused, a question of law would have been presented. It, however, urges that the jury failed to follow an instruction as to damages given by the court. If appellant is

correct as to this contention, then the error, if any, was one of fact and not one of law, the exclusive remedy for which was, as above noted, a motion to the trial judge for a new trial.

■ In considering the question of the sufficiency of the evidence to sustain a verdict, this Court will apply the applicable law regardless of the court's instructions, even though the instruction involved may not have been excepted to by either party. Coca Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 203 F. 2d 859; Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879; Central Steel Tube Co., Inc., v. Herzog, 8 Cir., 203 F.2d 544. In answer to a contention that in passing upon the question of the sufficiency of the evidence we should apply the law as announced in the instructions, if not excepted to, as the law of the case, in Coca Cola Bottling Co. of Black Hills v. Hubbard, supra [203 F.2d 862], we said, inter alia:

"This Court must ascertain for itself what the applicable law is, whether the instructions were excepted to or not."

We do not wish to be understood, however, as holding that the verdict of the jury was violative of the court's instructions.

It is appellant's contention that the jury failed to follow the following instruction of the court:

"As previously stated, this case must be determined upon the evidence presented to you in Court and these instructions and in fixing damages and determining the amount of just compensation to which the owners of each tract here involved are entitled, such amount cannot exceed the highest or be less than the lowest value which has been testified to as to each tract, but you may find such value to be any sum within the range of these figures which you find from the evidence as the fair market value of such parcel at the time of the taking thereof."

■ Expert witnesses on behalf of the Government testified as to their opinion of the amount of severance damage. One placed the amount at $940 and the other at $800. One witness placed the severance damage at $2.00 per acre for the remaining land of appellant, while the other placed the severance damage at $1.50 per acre. They apparently arrived at the total sum by multiplying the estimated damage per acre by the number of acres. The Government witnesses, however, were in error as to the number of contiguous acres owned by the appellant which were not included in the condemnation proceedings. There were in fact only 160 acres. Applying the estimated damage per acre this would make the amount of damage $320, while the jury awarded $480 severance damage. The jury was not required by instruction or otherwise to adopt the exact amount testified to by any of the witnesses. On this question the court instructed that:

"The opinions of expert witnesses are admissible in evidence and are to be given such weight and value as you think are right and proper under all of the circumstances. You are not bound by the opinions of the experts; their testimony is purely advisory."

The court also instructed generally that the jury was the sole and exclusive judge of the credibility of the witnesses and the weight to be given to their testimony, and instructions must be considered as a whole. It is also to be noted that the jury viewed the premises, thus enabling them better to evaluate the testimony. United States v. City of Jacksonville, 8 Cir., 257 F.2d 330; Burnett v. Central Nebraska Public Power & Irr. Dist., 8 Cir., 125 F.2d 836; Samuelson v. Central Nebraska Public Power & Irr. Dist., 8 Cir., 125 F.2d 838. In United States v. City of Jacksonville, supra [257 F.2d 334], in considering the question of proof of damages in a condemnation case, we said:

"The jury was not bound to accept any particular depreciation factor

but might select one of two or more divergent opinions."

In Burnett v. Central Nebraska Public Power & Irr. Dist., supra [125 F.2d 838], we said:

"＊ ＊ ＊ a jury cannot be required to substitute the opinion of expert witnesses for its own practical judgment on all the evidence, even in cases where the estimate of experts may not have been specifically contradicted. Lincoln Land Co. v. Phelps County, 59 Neb. 249, 80 N.W. 818; Davis v. School District, 84 Neb. 858, 122 N.W. 38. While the jury is not at liberty, of course, arbitrarily to ignore ＊ ＊ ＊ any other competent evidence, it has the absolute right to appraise it and to determine what weight shall be given to it or any part of it, in the light of all the general facts and circumstances developed on the trial, and of its own common knowledge and ordinary experience."

The rule announced in Burnett v. Central Nebraska Public Power & Irr. Dist., supra, is reaffirmed in Samuelson v. Central Nebraska Public Power & Irr. Dist., supra [125 F.2d 840], where it is said, inter alia:

"As we have indicated in the Burnett case, supra, a jury is never required, in an ordinary condemnation proceeding, to accept as conclusive the estimates of value made by expert witnesses on either side. There ordinarily is in such cases some general testimony as to the location, character, use, etc., of the property, and other pertinent facts usually also are developed on direct or cross-examination of the witnesses. All of this the jury is entitled to consider, together with any reasonable inferences which may be made therefrom, and it may properly exercise its own deliberate judgment on the amount of the damages, from the evidence as a whole, in the light of its common knowledge and ordinary experience, giving to the estimate of the expert witnesses only such weight as it conscientiously feels they are entitled to receive under all the circumstances."

We think the jury's verdict as to the amount of severance damage was warranted by the evidence and the inferences reasonably drawn therefrom.

 It remains to consider the contention that the court erred in giving its instruction with reference to a quotient verdict. This instruction reads as follows:

"Sometimes in determining values, jurors are inclined to arrive at what we call a quotient verdict. A quotient verdict is one arrived at by each of the jurors setting down some figure in writing or otherwise and then the jury making up the total of these twelve figures and dividing the total by twelve to arrive at the amount of the verdict. I charge you that this is an improper method of arriving at a verdict and you should not employ it in attempting to fix market value. Another method of arriving at a quotient verdict is by adding together the values fixed by all of the witnesses who have testified before you as to a particular tract and then dividing that total by the number of witnesses fixing the value of land in that fashion. That, too, would be entirely improper. The number of witnesses on each side of the question may or may not be the same and in any event you would get an abnormal result rather than a fair result. A third method of arriving at a quotient verdict might be through taking the highest value and the lowest value and, as we say, 'splitting the difference.' That, too, would be most unfair and improper. No one of these methods should be used or considered by you in any respect. Be careful to completely avoid them."

To this instruction appellant interposed an exception as follows:

"I'm going to except as to the quotient verdict instruction. I believe its erroneous, Your Honor, because I believe the advice would consist of agreeing before they divided —that they would divide by the result and that the instruction as you give it says that they may not even divide and arrive at a result and discuss it and then agree on that result, and for that reason I'm going to except to that instruction."

It is now conceded by counsel for appellant that a verdict arrived at as described in the questioned instruction would be invalid, but it is contended that the court should have gone further by instructing the jury that such a verdict would not be invalid unless the jurors had in advance agreed to be bound by the result of the computation. Quotient verdicts are in the nature of "gambling verdicts," United States v. 4,925 Acres of Land, etc., 5 Cir., 143 F.2d 127, and we do not think it error to refuse to instruct the manner in which the "gambling" feature of such a verdict may be avoided. Ehalt v. McCarthy, 104 Utah 110, 138 P.2d 639; Kansas City, W. & N. W. R. Co. v. Ryan, 49 Kan. 1, 30 P. 108; West Chicago St. Ry. Co. v. Dougherty, Ill., 89 Ill.App. 362. However, no request was made for any further instruction on the question and it being now conceded in appellant's brief that the instruction as given was correct, it was not incumbent upon the court to point out in what manner a quotient verdict might be permitted to stand. This instruction, as given, had nothing to do with the appellant's theory of the case, which involved only the assessment of damages, but its only purpose was to guide the jury in its deliberations. Under these circumstances, had appellant desired further instructions, it should have made specific request therefor. Chicago G. W. Ry. Co. v. Healy, 8 Cir., 86 F. 245; Mansfield Hardwood Lumber Co. v. Horton, 8 Cir., 32 F.2d 851; Nemaha County, Neb. v. Harmon, 8 Cir., 289 F. 795. We think we may appropriately close this opinion by quoting from the opinion in Hoblik v. United States, supra [151 F.2d 973], as follows:

"The record shows that the appellants had their full day in court; that all pertinent evidence offered by them was received; and that the case was submitted to the jury under proper instructions, to which no exceptions were taken. If, as the appellants assert, the verdict was for an inadequate amount, that was due to no error of law committed by the trial court. Compare, Emanuel v. Kansas City Title & Trust Co., supra, [8 Cir.] 127 F.2d 175, 180, and Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444. As was said by the Supreme Court in Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 485, 53 S.Ct. 252, 255, 77 L.Ed. 439, 'Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct.' "

The judgment appealed from is therefore affirmed.