**Maude C. VAUGHT, Plaintiff-Appellee,**

v.

**CHILDS COMPANY, Defendant-Appellant.**

**No. 210, Docket 25929.**

United States Court of Appeals Second Circuit.

Argued Feb. 29, 1960.

Decided April 18, 1960.

Lillian E. Cuff, New York City (Garvey & Conway, New York City, on the brief), for defendant-appellant.

Joseph A. Doran, New York City (John E. Morris, New York City, on the brief), for plaintiff-appellee.

Before CLARK, MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge.

Childs Company, defendant in a personal injury action, appeals from a judgment against it entered upon a jury verdict. The errors asserted are, in substance: (1) failure to prove negligence; (2) refusal to make certain requested charges; (3) failure to dismiss because of alleged contributory negligence; (4) unwarranted comments to the jury as to the probative value of a statement; and (5) excessiveness of the verdict.

1. On the evening of November 16, 1951 plaintiff, her daughter and two other young women went to a Childs restaurant in New York City for dinner. The entrance was through a double set of doors. The vestibule floor between the doors because of rain was wet with puddles of water, debris, papers and cigarette butts rendering it slippery. There was no rubber mat on the floor. Some difficulty was encountered in opening one of the inner doors and the daughter almost slipped in the vestibule. When seated at a table comment on these facts was made to the waiter. Upon leaving after dinner plaintiff, assisting her daughter, who could not open the door, pushed it with her shoulder, the door opened suddenly, plaintiff plunged forward somewhat precipitately, slipped on the floor, fell and sustained a fracture of the left thigh bone.

Appellant argues that the factual situation here, rain, mud and slippery floor cannot give rise to a cause of action as a matter of law and cites many New York cases in which on somewhat analogous facts recoveries were not allowed.[1] Not

1. Spaulding v. Christakos, 269 App.Div. 909, 56 N.Y.S.2d 372, affirmed 1946, 295 N.Y. 973, 68 N.E.2d 55; Antenen v. New York Telephone Co., 1936, 271 N.Y. 558, 2 N.E.2d 693; Miller v. Gimbel Bros., 1933, 262 N.Y. 107, 186 N.E. 410.

altogether surprisingly appellee comes armed with cases from the same courts sustaining recoveries under almost similar circumstances.[2] Appellant also contends that the notice to the waiter was not notice to appellant and that appellee, knowing that these slippery conditions existed, was herself guilty of contributory negligence. Whether notice to the waiter of the dangerous condition amounted to actual notice to appellant, his employer, need not be decided. The trial court properly charged the jury that actual or constructive notice would suffice. It then defined constructive notice as a thing which

"* * * was so well known or should have been known by the defendant, the corporation, for such a period of time in advance of the injury of the plaintiff, that the condition could have been rectified correctly and made safer prior to the happening of the event they complained about."

■ The trial court presented the applicable law to the jury fairly and correctly both as to negligence and contributory negligence. Although the charge was in very general terms it was because, as the court said, "not possible to, with extreme scientific exactitude, give a definition of negligence that would apply in each and every case." Whether or not appellant was negligent, and appellee contributorily negligent, under all the conditions existing at the time of the accident were clearly questions of fact for the jury. There was sufficient evidence on both subjects to require a jury determination. See the recent expression of New York law in Pignatelli v. Gimbel Bros., note 2, supra.

■ 2. The trial court covered most of appellant's proper requests to charge in its general charge. There was no error in refusing to give requested charges which virtually constituted a direction of a verdict for appellant or a determination by the court of the factual issues.

■ 3. Failure to dismiss because of alleged contributory negligence was not error. Had the trial court so ruled, it would have been substituting itself for the jury. The jury was instructed that to recover appellee must prove that she was not guilty of contributory negligence. She apparently satisfied the jury that she was not. That she pushed on a door which impeded her egress did not constitute contributory negligence as a matter of law.

■ 4. There is no merit to appellant's contention as to the report prepared by appellant's manager. The colloquy in which the court expressed its view concerning probative value was not in the presence of the jury. When the jury returned, the court handled the question with fair comment and tact.

■■ 5. The verdict was high but not "grossly excessive." In addition to being unable to carry on her profession, nursing, appellee has sustained a permanent shortening of the left leg, causing a limp and other disabilities. The trial court cannot be taxed with a refusal to consider the amount of the verdict as a matter of law because no motion for a new trial or to set aside the verdict on the ground of excessiveness was made. Had such procedure been followed the trial court could, in the light of all the facts then recently before it, have passed upon this point. Although this court is not powerless to review questions of law in the field of damages, appellate courts generally are reluctant to disturb juries' verdicts unless they offend fundamental conceptions of allowable damages.

The judgment is affirmed.

2. Pignatelli v. Gimbel Bros., 285 App.Div. 625, 140 N.Y.S.2d 23, affirmed 1955, 309 N.Y. 901, 131 N.E.2d 578; Ingersoll v. Liberty Bank of Buffalo, 1938, 278 N.Y. 1, 14 N.E.2d 828.