**Fred BAKER, Appellant,**

v.

**Allen G. DILLON, Appellee.**

**No. 24850.**

United States Court of Appeals Fifth Circuit.

Feb. 5, 1968.

Rehearing En Banc Denied April 8, 1968.

Jack Kleiner, Paul T. O'Connor, O'Connor & Kleiner, Atlanta, Ga., for appellant.

F. Thomas Young, Cam U. Young, Valdosta, Ga., for appellee, Young, Young & Ellerbee, Valdosta, Ga., of counsel.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant, Fred Baker, was injured in an automobile collision on August 26, 1964, and his wife was killed instantly. In a diversity suit tried in the United States District Court for the Middle District of Georgia, appellant sought recovery for (a) the wrongful death of his wife, (b) expenses incurred as a result of his wife's death, and (c) his own personal injuries. The jury returned interrogatories and a verdict in his favor, and judgment was entered thereon. On this appeal, he does not contest that part of the judgment awarding $8,000 for expenses incurred as a result of his wife's death as well as his own injuries, but he does urge that the amount awarded for the full value of Mrs. Baker's life was inadequate.

At the outset, we observe that there is a dispute as to what amount was awarded for the full value of Mrs. Baker's life. The dispute arises because the interrogatories and answers are somewhat ambiguous; but, at any rate, the trial

* Of the Third Circuit, sitting by designation.

judge interpreted the jury's answers as giving $10,000 for the "injuries to and death of Claudia Baker." Appellant argues that the trial judge thereby awarded only $5,000 for the full value of her life, the other $5,000 being for injuries, and that in light of her earning capacity and life expectancy, this amount was plainly inadequate. Appellee, on the other hand, says that the court must have intended to award $10,000 for the full value of her life since this was the only element of damages in the case aside from the two elements covered by the award of $8,000. While we are inclined to agree with appellee, we need not reach this point. Whether the judgment awarded $10,000 or $5,000 for the full value of the decedent's life, appellant is in no position to complain of its inadequacy.

■■ It is a well-established rule of this Court that the granting or denial of a new trial on the ground of excessive or inadequate damages is a matter of discretion with the trial court, not subject to review except for grave abuse of discretion. Rosiello v. Sellman, 5th Cir. 1965, 354 F.2d 219, and authorities cited therein. The necessary implication of this rule is that there can be no appellate review if the trial court was not given an opportunity to exercise its discretion on a motion for a new trial. 6A J. Moore, Federal Practice ¶ 59.14, at 3890 (2d ed. 1966). Since there was no motion for new trial in this case, we have no basis for reviewing the trial court's exercise of discretion and therefore no basis for reviewing the adequacy of damages. As the Second Circuit said in a case where the appellant alleged excessiveness of damages,

> The trial court cannot be taxed with a refusal to consider the amount of the verdict as a matter of law because no motion for a new trial or to set aside the verdict on the ground of excessiveness was made. Had such a procedure been followed the trial court could, in light of all the facts then recently before it, have passed upon this point.

Vaught v. Childs Co., 2d Cir. 1960, 277 F.2d 516, 518. For other cases holding that a jury finding on damages must be

presented to the trial court for ruling in order to preserve appellate review, see United States v. Harue Hayashi, 9th Cir. 1960, 282 F.2d 599, 601, 84 A.L.R.2d 754; McDonnell v. Timmerman, 8th Cir. 1959, 269 F.2d 54, 62; Myra Foundation v. United States, 8th Cir. 1959, 267 F.2d 612, 614.

No other contentions having been made on this appeal, we accordingly

Affirm.

### ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.