United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 05-30221
Summary Calendar

———

KELLI SCHEXNAYDER, ET AL,

Plaintiffs,

KELLI SCHEXNAYDER,

Plaintiff-Appellee,

versus

DANIEL J. BONFIGLIO; ET AL,

Defendants,

JANI-KARE JANITORIAL SERVICE, INC.,

Defendant-Appellant.

———

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:02-CV-1147

———

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

1

PER CURIAM:[*]

In this Title VII sexual discrimination case, defendant-appellant Jani-Kare Janitorial Service, Inc. ("Jani-Kare"), appeals from a jury verdict in favor of plaintiff-appellee Kelli Schexnayder. In November 2002, Schexnayder sued Jani-Kare and its managers in state court.[1] Subsequently, the defendants removed the case to federal court, and all co-defendants but Jani-Kare were dismissed. Following a jury trial in January 2005, Schexnayder was awarded $200,000 in compensatory and punitive damages for sexual discrimination suffered during her employment at Jani-Kare, based on evidence of physical and verbal harassment by both Jani-Kare's President/Owner and Operations Manager. Jani-Kare appeals from the district court verdict on several grounds. We affirm the judgment below.

## I. Jani-Kare's Assignments of Error

### A. Compensatory Damages

For the first time on appeal, Jani-Kare argues that the evidence was insufficient to support the jury verdict both as to the company's liability and the size of the damages award. Since, at trial, Jani-Kare did not move for a judgment as a matter of law, "our inquiry is limited to 'whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency . . . .'" *MacArthur v. Univ. of Tex. Health Ctr. at Tyler*, 45 F.3d 890, 896 n.8 (5th Cir. 1995) (citing *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297 (5th Cir. 1978)). *See also McKenzie v. Lee*, 259 F.3d 372, 374 (5th Cir. 2001).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Three co-plaintiffs sued along with Schexnayder. None of the co-plaintiffs prevailed at trial, and none join the instant appeal.

2

A review of the record reveals evidence to support the jury verdict. Over the course of two days, Jani-Kare's upper management subjected Schexnayder to repeated improper sexual advances, which she asked they stop. On one occasion, the President/Owner and Operations Manager of the company tried to elicit from Schexnayder her favorite sexual position. Later the same day, both managers independently grabbed her inappropriately. Schexnayder asked both managers never to touch her again. The next day, when Schexnayder went to the Operations Manager's office to retrieve an employee handbook to review the company's sexual harassment policies, the Operations Manager—as Schexnayder bent over to get the handbook off the floor—grabbed her again and said "you never told me how you like to have sex."[2] We conclude that, under the proper standard of review, the jury's verdict is supported by the evidence.

Jani-Kare also challenges the size of the compensatory damages award. For similar reasons, Jani-Kare's argument fails. Again, in the absence of an objection at trial, an appellant's challenge in the nature of the sufficiency of the evidence will be denied if any evidence supports the verdict. *See MacArthur*, 45 F.3d at 896 n.8. The jury awarded Schexnayder $25,000 for pain and suffering caused by the hostile work environment and $5,000 for pain and suffering caused by the constructive discharge. During the course of the trial, the jury heard evidence regarding Jani-Kare's conduct that supports the verdict. The size of an award is within the province of the jury, so long as the award is not impermissibly affected by "passion or prejudice." *See Green v. Adm'rs of Tulane Educ. Fund*,

---

[2]Jani-Kare attempts to accentuate the time duration element of a Title VII claim, arguing that the plaintiff did not suffer discrimination over a sufficiently extensive period of time as to qualify for a Title VII claim. However, the frequency of the discriminatory conduct is only one element in assessing whether the plaintiff has met the requirements of a Title VII claim; other factors include the severity and type of discriminatory conduct and its impact on the plaintiff's work performance. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002).

284 F.3d 642, 660–61 (5th Cir. 2002) ("[I]t would be improper to speculate about the nature of the jury deliberations, especially in light of the fact that there was no reason to suspect that the jury acted out of passion or prejudice.").

The facts here do not reveal impermissible "passion or prejudice." *See id.* Jani-Kare prevailed at trial against several of Schexnayder's co-plaintiffs. Moreover, the discrete categorization of compensatory damages and the separat e punitive damages award indicate that the jury carefully considered the evidence in arriving at its damages determination. Jani-Kare has shown no basis by which to warrant disturbing the jury award.

**B.     Punitive Damages**

**(1)     Pleading Requirements**

Jani-Kare argues that the district court erred in instructing the jury on the availability of punitive damages, noting that Schexnayder did not specially plead those damages pursuant to FED. R. CIV. PROC. 9(g).[3] Jani-Kare preserved the issue by objecting to the jury instruction at trial. We review for abuse of discretion special interrogatories and jury charges that were properly challenged in the district court. *Broad. Satellite Int'l, Inc. v. Nat'l Digital Television Ctr., Inc.*, 323 F.3d 339, 342 (5th Cir. 2003).

Initially, we note that Rule 9(g) does not mention punitive damages, nor does it define the "special damages" for which special pleading is required. Jani-Kare cites no Fifth Circuit (nor any circuit)  precedent to support its position that punitive damages must be pled with specificity.[4]

---

[3]"Special Damage.  When items of special damage are claimed, they shall be specifically stated." FED. R. CIV. P. 9(g).

[4]On the other hand, in her brief, Schexnayder cites two district court cases in this circuit that address the issue directly.  In response to a pre-trial motion in *Southern Pacific Transportation Co. v.*

4

Regardless, as the district court noted, Jani-Kare received ample actual notice before trial that Schexnayder was seeking punitive damages. Jani-Kare also implicitly recognized the possibility of punitive damages in its notice of removal to federal district court. There, Jani-Kare noted that Schexnayder asserted a Title VII claim; at the time of removal, punitive damages were a permissible statutory remedy for Title VII claims. *See* 42 U.S.C. §§ 1981a(a)(1), (b)(1). The district court did not abuse its discretion by including the punitive damages component in the jury interrogatories.

**(2)     Sufficiency of the Evidence**

Jani-Kare argues that the evidence is insufficient to support punitive damages. At trial, Jani-Kare did not object to the sufficiency of the evidence to support punitive damages by filing a motion under FED. R. CIV. P. 50(a) or (b). Nor was Jani-Kare's objection to the jury interrogatory related to the sufficiency of the evidence. *See Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 611 (5th Cir. 1996) (holding that an issue was preserved because a party's "objections to the jury charge adequately addressed the sufficiency of the evidence issues which it now seeks to appeal"). Accordingly, we will not overturn the jury verdict on punitive damages if any evidence supports the verdict. *Lincoln v. Case*, 340 F.3d 283, 290 (5th Cir. 2003).

Principally, Jani-Kare argues that its managers' actions did not meet the standard of egregious conduct required for punitive damages. However, under *Kolstad v. American Dental Ass'n*, Title VII "does not require a showing of egregious or outrageous discrimination independent of the employer's state of mind." 527 U.S. 526, 535 (1999). Rather, a jury may award punitive damages

*Builders Transport, Inc.*, No. 90-3177, 1993 WL 232058, at *4 (E.D. La. June 22, 1993), the district court ruled that punitive damages do not fall within the special pleading requirements of Rule 9(g). That opinion was cited and followed by a magistrate judge in *St. Pierre v. Maingot*, No. 01-2281, 2002 WL 31655355, at *2 (E.D. La. Nov. 21, 2002).

pursuant to Title VII merely if the employer knew it *may have been* violating the law. *Id.* at 536 ("[A]n employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages."). Here, the evidence of Jani-Kare's conduct presented at trial supports the jury's verdict.

**(3)     Constitutional Challenge**

Jani-Kare also argues that the punitive damages award is constitutionally excessive in light of *BMW v. Gore*, 517 U.S. 559, 574–75 (1996). Normally, we review *de novo* a constitutional challenge to the size of a punitive damages award. *Lincoln*, 340 F.3d at 290. However, Jani-Kare never moved for a new trial or remittitur in the district court, thereby depriving the district court of the opportunity to correct any alleged imperfections in the jury award. Therefore, Jani-Kare did not preserve the issue for appeal. *See Carlton v. H.C. Price Co.*, 640 F.2d 573, 577 (5th Cir. 1981) ("We have held that 'there can be no appellate review (of allegedly excessive or inadequate damages) if the trial court was not given an opportunity to exercise its discretion on a motion for new trial.") (quoting *Baker v. Dillon*, 389 F.2d 57, 58 (5th Cir. 1968)). *See also Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) (holding that "the defendants failed to preserve their constitutional challenge to the size of the punitive damages award" because they did not raise the issue in post-trial motions before the district court).[5] Because Jani-Kare did not preserve this issue, we do not reach

---

[5]Were we to consider the constitutional issue, Jani-Kare's argument would fail. Assuming *arguendo* that *Gore* applies, here not only are the punitive damages relatively low but also they do not reflect an excessive multiple of the compensatory damages award, which *Gore* guarded against. *See Gore*, 517 U.S. at 583 ("In most cases, the ratio will be within a constitutionally acceptable range, and remittitur will not be justified on this basis. When the ratio is a breathtaking 500 to 1, however, the award must surely raise a suspicious judicial eyebrow.") (internal citation omitted). Further, in contrast to *Gore*'s unbounded discretionary verdict, the punitive damages award here was controlled by a relatively modest federal statutory cap, *see* 42 U.S.C. § 1981a(b)(3), which provided Jani-Kare proper notice of the consequences of its illegal conduct. *See Gore*, 517 U.S. at 574 ("Elementary

it.

## II.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose.").