[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13555
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-20834-CV-ASG

WACHOVIA BANK, et al.,

Plaintiffs-Counter Defendants-
Cross-Defendants,

versus

DR. PAUL TIEN, et al.,

Defendants,

HENRY TIEN,

Defendant-Counter-Defendant-
Cross-Defendant-Cross-Claimant-Appellant,

YIFE TIEN,

Defendant-Cross-Defendant-
Counter-Claimant-Cross-Claimant-Appellee,

AMERICAN UNIVERSITY OF THE CARIBBEAN, CAYMAN
ISLAND,
AMERICAN UNIVERSITY OF THE CARIBBEAN,  N.V. INC.
a St. Maarten, Netherland Antilles company,
AMERICAN UNIVERSITY OF THE CARIBBEAN, a

Montserrat,
a British West Indies company,
AMERICAN UNIVERSITY OF THE CARIBBEAN SCHOOL OF
MEDICINE,
a Cayman Islands, British West Indies company,

Defendants-Counter-Defendants-
Cross-Defendants-Counter-Claimants-
Cross-Claimants-Appellees,

MEDICAL EDUCATION INFORMATION OFFICE, INC.,
a Florida corporation,

Defendant-Cross Defendant-Appellee,

HON. KURT DE FREITAS,
as Attorney General for and on
behalf of the Turks & Caicos Islands, BWI,

Defendant-Counter-Claimant-
Cross-Claimant-Cross-Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 27, 2010)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Henry Tien appeals *pro se* from the partial final judgment in an interpleader action, 28 U.S.C. § 1335, in which the district court found that Henry had no claim to the interpleaded funds. He seeks a new trial regarding his alleged interest in the funds, and he claims that the district court improperly dismissed his father, Paul Tien, from the action for lack of subject-matter jurisdiction. The appellees respond, first, that Henry waived his claim for a new trial by failing to file a post-trial motion in the district court, and, second, that Henry lacks standing to challenge Paul's dismissal. Upon review, we dismiss the appeal.

I.

This appeal arises from a complaint for interpleader filed by Wachovia Bank, which alleged that various parties had made conflicting and uncertain claims to the funds in 5 bank accounts that, at the time, totaled more than $90 million. Included among the potential claimants were: (1) American University of the Caribbean ("AUC"), American University of the Caribbean, N.V., and American University of the Caribbean School of Medicine ("AUCSOM"), collectively "the AUC companies"; (2) Medical Education Information Office, Inc. ("MEIO"), which had been incorporated to provide administrative services to the AUC companies; (3) Paul Tien, founder of AUCSOM and MEIO; (4) Yife Tien, one of Paul's sons and the president of MEIO; (5) Henry Tien, Paul's other son and the

former financial administrator of MEIO; and (6) Ming Tien, Paul's wife and an administrative assistant for MEIO.

Yife, the AUC companies, and MEIO (collectively "the appellees") asserted a cross-claim, alleging that all of the interpleaded funds were corporate funds belonging to the AUC companies and MEIO. Neither Yife nor Paul asserted any personal claim to the interpleaded funds. Henry and Ming did not assert their own cross-claim, but they filed an answer arguing, as an affirmative defense, that the overall AUC enterprise had been a joint venture of the family and, thus, Henry and Ming each owned 25% of the funds.

Paul moved to dismiss the complaint as to him, on grounds that he had not asserted a claim and, thus, the court lacked subject-matter jurisdiction over him. Paul went on to assign to AUCSOM any interest he might have in the funds. The district court found that Paul was not an "adverse claimant" as defined in § 1335(a)(1) and granted the motion to dismiss him from the action. Henry did not respond to Paul's motion to dismiss or challenge the court's ruling.

After a bench trial, the district court found that $2.4 million of the interpleaded funds belonged to Ming, $2.2 million had belonged to Paul as of the date on which the interpleader complaint was filed, and all of the remaining funds belonged to AUCSOM, AUC, or MEIO. The court further found that the evidence

4

overwhelmingly failed to support Henry's and Ming's joint-venture theory. Henry did not move for a new trial.

## II.

"It is a well-established rule . . . that the granting or denial of a new trial . . . is a matter of discretion with the trial court, not subject to review except for grave abuse of discretion. The necessary implication of this rule is that there can be no appellate review if the trial court was not given an opportunity to exercise its discretion on a motion for a new trial." *Electro Servs., Inc. v. Exide Corp.*, 847 F.2d 1524, 1530 (11th Cir. 1988) (quoting *Baker v. Dillon*, 389 F.2d 57, 58 (5th Cir. 1968)). Thus, "a party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404, 126 S.Ct. 980, 987, 163 L.Ed.2d 974 (2006). As Henry did not move for a new trial in the district court, he has waived any appeal regarding the question of his entitlement to a new trial.

## III.

A party seeking to appeal a trial court judgment must demonstrate that he has standing to do so. *See Knight v. Alabama*, 14 F.3d 1534, 1555 (11th Cir. 1994). "[T]he general rule [is] that a party may not appeal to protect the rights of others." *Id.* (quotation omitted). Rather, "a defendant ordinarily has standing to

appeal any ruling on the plaintiff's cause of action that is adverse to the defendant's interests." *Id.* As adverseness is the primary limitation on a defendant's appellate standing, he may appeal only if he is actually aggrieved by the judgment or order being appealed. *Id.* at 1556.

In support of his claim, Henry states only that he could have asserted cross-claims against Paul if Paul had remained in the suit. Yet he does not indicate what those cross-claims would have been or why he was unable to assert them against AUCSOM, which had been assigned Paul's potential outstanding claims, or against any of the other appellees. Thus, he has failed to identify any way in which he was actually aggrieved by the dismissal of Paul from the suit. Accordingly, he has not established that he has standing to challenge the dismissal on appeal.

Henry has failed to raise any appealable issues. Accordingly, we dismiss his appeal.

**APPEAL DISMISSED.**