[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11971
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cv-20834-ASG


WACHOVIA BANK N.A.,
NATIONAL ASSOCIATION,
formerly known as First Union National Bank,

Plaintiffs-
Counter Defendants-
Cross Defendants-
Appellees,


versus


DR. PAUL TIEN, et al,

Defendants-
Counter Defendants-
Cross Defendants,


MING TIEN,

Defendant-
Counter Defendant-
Cross Defendant-

Cross Claimant,

HENRY TIEN,

Defendant-
Counter Defendant-
Cross Defendant-
Cross Claimant-
Third Party Plaintiff-
Appellant,

YIFE TIEN,

Defendant-
Counter Defendant-
Cross Defendant-
Counter Claimant-
Cross Claimant,

AMERICAN UNIVERSITY OF THE CARIBBEAN,
a Montserrat, British West Indies company,

Defendant-
Counter Defendant-
Cross Defendant-
Third Party Defendant,

AMERICAN UNIVERSITY OF THE CARIBBEAN SCHOOL OF MEDICINE,
a Cayman Islands, British West Indies company, et al.,

Defendants,

AMERICAN UNIVERSITY OF THE CARIBBEAN, CAYMAN ISLAND,

Defendant-
Third Party Defendant,

HON. KURT DE FREITAS, etc.,

Defendant-

2

Counter Claimant-<br>
Cross Claimant-<br>
Cross Defendant,

AUC COMPANIES,

Defendant-<br>
Counter Claimant-<br>
Cross Claimant,

ERNEST P. DOVER,

Defendant-<br>
Third Party Defendant,

FRANK P. MARSH,

Counter Defendant-<br>
Third Party Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 31, 2014)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Henry Tien, proceeding *pro se*, appeals the partial final judgment in an interpleader action, 28 U.S.C. § 1335, in which the district court determined that Tien was not the owner of roughly $1.6 million. On appeal, Tien contends that the district court erred by (1) admitting into evidence the testimony of a forensic

3

accountant and the accountant's forensic reports, (2) striking Tien's jury demand, (3) failing to consider all the trial evidence, and (4) denying Tien's motion for leave to amend his pleading. After careful review, we affirm.

## I.

We briefly describe the relevant background of this long-running case to provide context for this appeal. In 2004, Wachovia Bank filed a complaint for interpleader alleging that various parties had made conflicting claims to more than $90 million in five bank accounts. Included among the potential claimants were the following: (1) American University of the Caribbean ("AUC"), American University of the Caribbean, N.V., and American University of the Caribbean School of Medicine ("AUCSOM"); (2) Medical Education Information Office, Inc. ("MEIO"); (3) Paul Tien, founder of AUCSOM and MEIO; (4) Yife Tien, one of Paul's sons and the president of MEIO; (5) Henry Tien, Paul's other son and the former financial administrator of MEIO; and (6) Ming Tien, Paul's wife and an administrative assistant for MEIO. Appellant here, Henry Tien, who was represented by counsel at the time, asserted a claim to 25% of the funds and demanded trial by jury. Tien ultimately withdrew his demand for a jury trial, and the district court held a bench trial in July 2007 ("Phase I" of the litigation).

4

After the bench trial, the district court found that none of the funds belonged to Tien and entered a partial final judgment pursuant to Rule 54(b), Fed. R. Civ. P.[1] The court also imposed approximately $3.4 million in sanctions on Tien for bad-faith conduct during the litigation.  We dismissed Tien's appeal from the partial final judgment for failure to raise any appealable issues, and we upheld the court's imposition of sanctions.  *See Wachovia Bank v. Tien*, 406 F. App'x 411 (11th Cir. 2010); *Wachovia Bank v. Tien*, 406 F. App'x 378 (11th Cir. 2010).

During the litigation, it came to light that Tien had access to certain additional funds ("Additional Funds") not at issue in the Phase I trial, so the district court appointed a special master, Edward Davis, to look into these funds.  The court also authorized the master to hire a forensic accountant, who prepared a report on the Funds that was filed in September 2007.  Based on the findings of the forensic accountant and the special master, the court began a second phase in the interpleader action to determine ownership of the Additional Funds ("Phase II" of the litigation).

For Phase II, the district court initially appointed Davis as receiver of the Additional Funds, but following Davis's death in 2010, the court appointed Michael Chavies as special master and receiver of the funds.  Eventually, Chavies

---

[1] "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 778-80 (11th Cir. 2007).

served as a mediator in an unsuccessful mediation of the action. Thereafter, in July 2012, Chavies filed a supplemental "Report & Recommendation Regarding Additional Funds, Trial Plan and Additional Claims," which noted that "additional research did not yield any more conclusive evidence with respect to ownership of the Additional Funds than what had been previously reported."

Only AUC and Tien asserted ownership of the Additional Funds. In his *pro se* complaint, Tien requested a jury trial. Later, Tien filed a motion to amend his complaint, attaching a proposed amended complaint alleging other causes of action, including conversion, constructive trust, and piercing the corporate veil. The district court denied the motion without prejudice as outside of the limited scope of Phase II, which was only for the purpose of determining ownership of the Additional Funds. The court explained that determining ownership was necessary before it could consider any remaining claims that Tien sought to assert.

The district court also struck Tien's request for a jury trial. Noting that Tien had withdrawn his right to a jury trial in Phase I, the court determined that Tien was not entitled to a jury trial in Phase II because the Phase II proceedings were a natural extension of the Phase I proceedings. The case proceeded to a bench trial in August 2012.

Following the bench trial, the district court, relying heavily on the initial 2007 forensic report and the forensic accountant's testimony, rejected Tien's

claims to the funds. The court then entered a second partial final judgment, pursuant to Rule 54(b), from which this appeal was taken. The action proceeded in the district court to "Phase III," concerning any other claims the parties have against one another about the funds.

## II.

We review a district court's evidentiary rulings, including its rulings on the admissibility of expert testimony, for an abuse of discretion. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005). We will not reverse an evidentiary ruling unless the complaining party establishes a "substantial prejudicial effect." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1276 (11th Cir. 2008).

"We review the denial of a jury trial with the most exacting scrutiny." *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995). A district court's findings of fact are reviewed for clear error, and we will only reverse when "left with the definite and firm conviction that a mistake has been made after making all credibility choices in favor of the fact-finder's choice." *Hiram Walker & Sons, Inc. v. Kirk Line*, 30 F.3d 1370, 1374 (11th Cir. 1994) (internal quotation marks omitted). We review the district court's denial of a motion to amend a complaint for an abuse of discretion. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).

We liberally construe a *pro se* litigant's pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

## III.

### A.  Admission of Forensic Reports and Expert Testimony

Tien contends that the forensic accountant's testimony and reports should not have been admitted into evidence at trial because both special masters had conflicts of interest with Davis.  In this regard, Tien complains that Davis allegedly had a conflict of interest with Dan Hughes, the forensic accountant, since Davis, as the special master, had hired Hughes on behalf of the court and Davis was also the receiver of the Additional Funds.  As for Chavies, Tien similarly imputes a conflict to him with regard to Hughes because after Davis died, Chavies served as a mediator, special master, and receiver.

Rule 53, Fed. R. Civ. P., permits the district court to appoint a special master to perform certain duties.  According to Rule 53(a)(2), "A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification."  Section 455, in turn, requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned.  28 U.S.C. § 455.

8

Here, Tien offers no legal or factual support for his contention that the forensic accountant's testimony and the forensic reports were inadmissible due to alleged conflicts of the special masters. First, any confidential information that Chavies heard during the 2012 mediation could not have affected the primary forensic report filed in 2007 while Davis was the special master.

Second, without more, the mere possibility that Chavies's later report theoretically may have been affected by unspecified confidential information he heard at mediation is insufficient to establish a "substantial prejudicial effect" that would warrant reversal. *Goldsmith*, 513 F.3d at 1276. This is particularly so because the court relied heavily on the 2007 report and Tien's own trial testimony in determining ownership of the Additional Funds, and because there is no indication that the supplemental report altered any conclusions about ownership contained in the initial 2007 report.

Third, Tien does not articulate how the alleged conflicts of interest of either special master, to the extent there were any, could be imputed to Hughes or the reports, nor does he cite to any relevant authority with respect to that question. Finally, Tien does not identify any other basis for finding that the forensic accountant or the special masters were conflicted, other than asserting, without any further explanation, that the conflict is self-evident based on the fact that the special masters served multiple roles in the litigation. Consequently, the district

9

court did not abuse its discretion in admitting the evidence from the forensic accountant. *See* Fed. R. Evid. 702.

## B.  Denial of Jury Trial

Tien next contends that he was entitled to a jury trial for the Phase II proceedings because Phase II was a separate case concerning separate assets.  On any issue triable of right by a jury, a party may demand a jury trial by timely serving the other parties with a written demand.  Fed. R. Civ. P. 38(b).  A proper demand for a jury trial may be withdrawn only if the parties consent.  Fed. R. Civ. P. 38(d).

The district court did not err in striking Tien's demand for a jury trial.  Before trial to determine ownership of the $90 million in five accounts with Wachovia Bank, Tien properly withdrew his jury demand with the consent of AUC and other parties.  After the ownership of the $90 million was determined, the court entered "partial" final judgment under Rule 54(b), indicating that the action remained ongoing, and then began Phase II proceedings on the Additional Funds, which had come to light during the Phase I trial.  When Phase II ended, the court again entered partial final judgment under Rule 54(b).  Although Phase I and Phase II concerned different assets, we agree with the district court that the Phase II proceedings "necessarily ar[o]se out of matters litigated in Phase I," such that the Phase II proceedings were a "natural extension of the Phase I proceedings."  The

10

two phases concerned the same basic controversy. Under the circumstances, the court did not err in striking Tien's jury demand, as he previously had withdrawn the demand with the other parties' consent. Fed. R. Civ. P. 38(d).

## C. The District Court's Factual Findings

Tien argues that the district court did not consider all of the evidence that he presented at trial. This is clear, he asserts, from the court's "Findings of Fact," where the court failed to discuss certain evidence allegedly supporting his claims.

In an action tried on the facts without a jury, "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). However, the court "need only make brief, definite, pertinent findings and conclusions upon the contested matters." *Stock Equip. Co. v. Tennessee Valley Auth.*, 906 F.2d 583, 592 (11th Cir. 1990) (quotation marks omitted). Rule 52(a) does not require a finding on every contention raised by the parties. *Feazell v. Tropicana Prods., Inc.*, 819 F.2d 1036, 1042 (11th Cir. 1987).

Here, the district court's order clearly set forth factual findings and separate conclusions of law, and the court was not required to discuss all evidence presented at trial. *See Stock Equip. Co.*, 906 F.2d at 592; *Feazell*, 819 F.2d at 1042; Fed. R. Civ. P. 52(a)(1). To the extent that Tien argues that the district court failed to consider specific evidence, he fails to show clear error. *See Kirk Line*, 30 F.3d at 1374. In explaining its ownership determinations, the court heavily relied

11

on the 2007 report and specifically credited the accountant's testimony and discredited Tien's testimony regarding his claims to the Additional Funds. Based on the forensic reports and the court's credibility determinations, the court's factual determinations were well-supported by the record as a whole. *See id.*

### D.  Denial of Motion to Amend Complaint

Finally, Tien contends that the court should have granted him leave to amend his complaint to assert claims seeking to pierce the corporate veil and impose a constructive trust, among other things. Upon review, we cannot say that the district judge, who had overseen this lengthy litigation since its inception, abused his discretion in denying without prejudice Tien's motion to amend his complaint. The judge found that Tien's proposed claims were outside the narrow scope of the Phase II proceedings, as previously defined by the judge, and we conclude that this interpretation was reasonable. *See Nebula Glass Int'l, Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1211-12 (11th Cir. 2006) ("When a district court interprets its own order, we are obliged to review that interpretation for abuse of discretion and accord its interpretation deference so long as it is reasonable."). Moreover, Tien was able to and did raise many of these claims in Phase III. Accordingly, the court did not abuse its discretion in denying Tien's motion to amend without prejudice.

## IV.

Upon careful review of the record and after consideration of the parties' briefs, for the reasons previously discussed, we affirm the district court's partial final judgment on ownership of the roughly $1.6 million at issue in Phase II of this litigation.

**AFFIRMED.**