[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11158
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cv-20834-WPD

WACHOVIA BANK N.A.,
NATIONAL ASSOCIATION,
f.k.a. First Union National Bank,

Plaintiffs-Counter
Defendants-Appellees,

versus

DR. PAUL TIEN, et al.,

Defendants-Counter Defendants-
Cross Defendants,

MING TIEN,

Defendant-Counter Defendant-
Cross Defendant-Cross Claimant-
Appellant,

HENRY TIEN,

Defendant-Counter Defendant-

Cross Defendant-Cross Claimant-
Counter Claimant-Third Party Plaintiff,

YIFE TIEN,

Defendant-Counter Defendant-
Cross Defendant-Counter Claimant-
Cross Claimant,

MEDICAL EDUCATION INFORMATION OFFICE, INC,
a Florida corporation, et al.,

Defendants,

AMERICAN UNIVERSITY OF THE CARIBBEAN,
CAYMAN ISLAND,

Defendant-Third Party Defendant-
Counter Defendant-Appellee,

AMERICAN UNIVERSITY OF THE CARIBBEAN,
a Montserrat, British West Indies company, et al.,

Defendants-Third Party Defendants,

HON. KURT DE FREITAS,
as Attorney General for and on behalf of the
Turks & Caicos Islands, BWI,

Defendant-Counter Claimant-
Cross Claimant-Cross Defendant,

AUC COMPANIES,

Defendant-Counter Claimant-
Cross Claimant,

FRANK P. MARSH,

Counter Defendant-Third Party Defendant,

MEIO DEFENDANTS,

Cross Defendant,

OMS COLLECTIONS, LTD.,

Third Party Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 27, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

After three phases of a bench trial on claims arising out of an interpleader, Ming Tien ("Ming"), proceeding *pro se*, appeals the district court's judgment in favor of American University of the Caribbean ("AUC"), finding that Ming was liable for the civil theft and conversion of funds belonging to AUC and awarding $3,798,814.70 in damages against Ming and her son, Henry Tien ("Henry").[1] Ming raises four issues on appeal. First, she argues that issue preclusion barred AUC from relitigating factual issues regarding her conduct that were addressed in prior partial final judgments and orders in this case. Second, she argues that the district court erred in finding her liable for civil theft without proper factual

_____

[1] Henry also appealed the judgment, but we previously dismissed his appeal for want of prosecution.

findings and legal conclusions.  Third, she asserts that the district court erred by binding her to our ruling in a prior related appeal to which she was not a party. Fourth, Ming argues that the district court erred in concluding that AUC's conversion claim was timely filed due to the delayed discovery doctrine.

Upon careful review of the record and the parties' briefs, we affirm as to the first three issues but vacate the district court's judgment and remand as to the fourth issue so that the district court can conduct any additional proceedings, if necessary, to determine the appropriate award of damages as to the civil theft claim and enter a new judgment solely on the civil theft claim.

## I.

Collateral estoppel, or issue preclusion, bars the relitigation of an issue that was litigated and resolved in a prior proceeding.  *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998).  In order to rely on collateral estoppel, the party raising the doctrine must show that: (1) the present issue is identical to an issue in a previous proceeding; (2) the issue was actually litigated in the previous proceeding; (3) resolution of the issue must have been an essential part of the judgment in the previous proceeding; and (4) the party against whom the doctrine is being raised must have had a full and fair opportunity to litigate the issue in the first proceeding.  *Id*.  We review a district court's conclusions

4

regarding collateral estoppel *de novo*. *Richardson v. Miller*, 101 F.3d 665, 667 (11th Cir. 1996).

Ming's argument that the district court's findings of fact from the third phase of litigation in this case ("Phase III") are precluded because they differ from its findings in previous phases fails, because she cannot establish the first and second requirements of collateral estoppel. *See Pleming*, 142 F.3d at 1359. Phase III considered an entirely different issue than prior phases of the litigation: liability and damages for the misappropriation of certain additional funds comprised primarily of stock shares belonging to the various corporate entities involved in this case (the "Additional Funds"), which were converted in 2005, well after the actions underlying the first phase ("Phase I") that took place prior to and during 2003. Moreover, any issues regarding the Additional Funds were not actually litigated during Phase I because the existence of the Additional Funds first came to light in the Phase I bench trial itself. Therefore, issue preclusion is inapplicable because the district court's Phase III findings of fact did not constitute relitigation of issues that had previously been decided in Phase I.

## II.

We review a district court's conclusions of law *de novo* and its factual findings, including its weighing of the evidence and witness credibility determinations, under the highly deferential clear error standard. *Fischer v. S/Y*

*NERAIDA*, 508 F.3d 586, 592 (11th Cir. 2007). Where the evidence in a case is primarily testimonial, the appellant bears a heavy burden in establishing the clear error standard of review, because "the district court has the advantage of observing the witnesses and evaluating their credibility firsthand." *Id.* (quotation omitted).

A district court is required to make specific findings of fact and conclusions of law after a bench trial. *See* Fed. R. Civ. P. 52(a)(1). However, "'the judge need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts.'" *Stock Equip. Co., a Unit of Gen. Signal Corp. v. Tenn. Valley Auth.*, 906 F.2d 583, 592 (11th Cir. 1990) (quoting Fed. R. Civ. P. 52 advisory committee's note to 1946 amendment). We will not reverse or remand if the district court sufficiently states its findings of fact and conclusions of law to allow for a meaningful review. *Barber v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, Dist. Lodge No. 57*, 778 F.2d 750, 755 (11th Cir. 1985).

To establish a Florida state law claim for civil theft, a plaintiff must prove, by clear and convincing evidence, that it was injured as a result of a violation of Florida's criminal theft statute. *See* Fla. Stat. § 772.11 (providing civil remedy for theft); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). The plaintiff must prove that the defendant: (1) knowingly (2) obtained or used, or

endeavored to obtain or use, the plaintiff's property with (3) felonious intent (4) either temporarily or permanently to (a) deprive the plaintiff of its right to or benefit from the property or (b) appropriate the property to the defendant's own use or to the use of anyone not entitled to the property. *United Techs. Corp.*, 556 F.3d at 1270; *see also* Fla. Stat. § 812.014(1) (theft statute). Felonious intent is the intent to deprive another of its property, which may be shown by circumstantial evidence. *Aspen Invs. Corp. v. Holzworth*, 587 So. 2d 1374, 1376 (Fla. Dist. Ct. App. 1991).

Although the district court's six-page findings of fact and conclusions of law were brief, no detailed analysis of case law was required because the court was applying the plain meaning of Florida's civil theft statute. Furthermore, the district court made sufficient findings of fact, based upon the Phase III pleadings and evidence, the bench trials in the prior two phases of litigation, and its determination of the witnesses' credibility in the Phase III trial, to support its determination that Ming had the requisite felonious intent and was liable for civil theft by clear and convincing evidence. *Fischer*, 508 F.3d at 592 (noting the district court's advantage in evaluating and observing witness credibility). It is evident that the district court found that AUC had proven each element and concluded that Ming had knowingly obtained AUC's property with felonious intent. The evidence in the record supports the district court's findings of fact and conclusions of law.

Although the district court may have violated the technical requirements of Rule 52, it provided adequate findings of fact and conclusions of law to allow for meaningful review, and therefore, remand or reversal is not required. *See Barber*, 778 F.2d at 755.

## III.

The district court did not err in quoting the procedural history we set forth in our opinion in a prior related appeal. Our discussion of the extensive procedural history of this case, quoted by the district court, was only to provide factual context. The district court's quotation of the factual background did not "bind" Ming or prejudice her in any way, and Ming does not note any error in the quoted procedural history.

## IV.

We review a district court's interpretation and application of a statute of limitations *de novo*. *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). We will not consider an argument or issue, particularly one that is "fact-bound," that is raised for the first time on appeal and was not raised before the district court. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Because our ability to entertain an argument raised for the first time on appeal is not a jurisdictional issue, we may choose to consider the argument in special circumstances: (1) if the argument involves a pure question of

law, and the refusal to consider it would result in a miscarriage of justice; (2) if the appellant had no opportunity to raise the argument below; (3) if there are interests of substantial justice at stake; (4) if the proper resolution is beyond any doubt; or (5) if the issue presents significant questions of general impact or of great public concern. *Id.* at 1332.

A cause of action for conversion under Florida law is subject to a four-year statute of limitations. *See* Fla. Stat. § 95.11(3); *Bove v. PBW Stock Exch., Inc.*, 382 So. 2d 450, 452-53 (Fla. Dist. Ct. App. 1980). Florida recognizes a "delayed discovery" doctrine, in certain circumstances, which delays the accrual of a cause of action until the party knows or reasonably should know of the act that supplies the cause of action. *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003). However, the delayed discovery doctrine does not apply to conversion claims. *Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002). Therefore, the statute of limitations for a conversion claim begins to run when the conversion occurs, unless the conversion was fraudulently concealed. *See Bove*, 382 So. 2d at 452-53. Fraudulent concealment tolls the statute of limitations when the defendant willfully concealed the cause of action using fraudulent means. *Raie*, 336 F.3d at 1282 n.1.

Here, AUC's conversion claim, initially filed on July 31, 2009, was untimely if the statute of limitations started running when the conversions occurred between

February 11, 2005, and July 5, 2005.  The district court's determination that the statute of limitations had not run because of the delayed discovery doctrine was error because that doctrine does not apply to conversion claims.  *See Davis*, 832 So. 2d at 709.  Although AUC urges us nevertheless to hold that the statute of limitations did not begin to run at the time of the conversion because the conversion was fraudulently concealed, it did not raise that argument below.  Because none of the five special circumstances that would warrant considering an argument not raised before the district court for the first time on appeal exist here, and because the fraudulent concealment issue is fact-sensitive and should be addressed in the first instance by the district court, we decline to consider this argument.  *See Access Now, Inc.*, 385 F.3d at 1331-32.

Although the district court's damages award may be able to be supported by the civil theft claim alone, it is impossible for us to make this determination from the record, because the district court did not specify how the damages award was apportioned between the civil theft and conversion theories, or whether it was apportioned at all.  Therefore, we vacate the judgment and remand for the district court to conduct additional proceedings it may find appropriate, including proceedings to determine the appropriate award of damages as to the civil theft claim and/or whether fraudulent concealment occurred.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

10