[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16526
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cv-20834-WPD


WACHOVIA BANK N.A.,
NATIONAL ASSOCIATION,
f.k.a. First Union National Bank,

Plaintiffs-Counter
Defendants-Appellees,


versus


DR. PAUL TIEN, et al.,

Defendants-Counter Defendants-
Cross Defendants,

MING TIEN,

Defendant-Counter Defendant-
Cross Defendant-Cross Claimant-
Appellant,

HENRY TIEN,

> Defendant-Counter Defendant-
> Cross Defendant-Cross Claimant-
> Counter Claimant-Third Party Plaintiff,

YIFE TIEN,

> Defendant-Counter Defendant-
> Cross Defendant-Counter Claimant-
> Cross Claimant,

MEDICAL EDUCATION INFORMATION OFFICE, INC,
a Florida corporation, et al.,

> Defendants,

AMERICAN UNIVERSITY OF THE CARIBBEAN,
CAYMAN ISLAND,

> Defendant-Third Party Defendant-
> Counter Defendant-Appellee,

AMERICAN UNIVERSITY OF THE CARIBBEAN,
a Montserrat, British West Indies company, et al.,

> Defendants-Third Party Defendants-Appellee,

HON. KURT DE FREITAS,
as Attorney General for and on behalf of the
Turks & Caicos Islands, BWI

> Defendant-Counter Claimant-
> Cross Claimant-Cross Defendant,

AUC COMPANIES,

> Defendant-Counter Claimant-
> Cross Claimant,

FRANK P. MARSH,

> Counter Defendant-Third Party Defendant,

MEIO DEFENDANTS,

> Cross Defendant,

OMS COLLECTIONS, LTD.,

> Third Party Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 10, 2018)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ming Tien ("Ming"), proceeding pro se, appeals the district court's amended final judgment awarding American University of the Caribbean ("AUC") $3,798,814.70 in damages against Ming and her son, Henry, for the civil theft of funds belonging to AUC.  Ming argues that the district court erred: (1) by finding her liable for civil theft without addressing whether AUC could also maintain a timely claim against her for conversion; and (2) by imposing treble damages. After careful review, we affirm.

3

## I.  BACKGROUND

This long-running dispute has been before this Court many times.  The following summary provides relevant context for this appeal.  In 2004, Wachovia Bank filed an interpleader action, alleging that various parties had made conflicting claims to more than $90 million in five bank accounts. The following parties were included among the potential claimants: (1) AUC and AUC School of Medicine ("AUCSOM"); (2) Medical Education Information Office, Inc. ("MEIO"); (3) Paul Tien, the founder of AUCSOM and MEIO; (4) Yife Tien, one of Paul's sons who managed MEIO; (5) Henry Tien, Paul's other son and the former financial administrator of MEIO; and (6) Ming Tien, Paul's wife who performed clerical work for MEIO.  Following a bench trial, the district court held that the five bank accounts were owned by the various corporate entities with one exception that is not relevant here.  The district court also imposed approximately $3.4 million in sanctions on Henry for bad faith during the litigation, which this Court upheld. Wachovia Bank v. Tien, 406 F. App'x 378, 383–84 (11th Cir. 2010) (per curiam). We also dismissed Henry's appeal of the district court's judgment that he had no claim to the funds for failure to raise any appealable issues.  Wachovia Bank v. Tien, 406 F. App'x 411, 413 (11th Cir. 2010) (per curiam).

During the interpleader bench trial, it came to light that Henry had been using certain additional funds to pay for Ming's and his legal fees and other

4

expenses.  The district court appointed a special master to act as receiver and a forensic accountant to prepare a report regarding ownership of the additional funds.  The forensic accountant concluded that the majority of the additional funds were proceeds from the sale of shares of stock that had been previously owned by the corporate entities but later re-registered in Henry's name.  Henry and AUC filed dueling supplemental complaints asserting ownership of the funds.  AUC also brought claims for conversion and civil theft against Henry and Ming.  According to AUC, Ming knowingly signed fraudulent corporate resolutions, allowing Henry to convert the stock into his name.

The district court held a second bench trial to determine the ownership of the additional funds.  Henry testified that the funds were deferred compensation for over eight years during which he worked for the corporate entities without pay.  The district court rejected Henry's claim to the funds, finding that Henry was not the owner of the funds pursuant to a deferred compensation agreement.  Specifically, the district court recognized: "Henry Tien did not present any evidence of a written deferred compensation agreement between the AUC Companies and Henry Tien.  The evidence and testimony also did not establish any verbal deferred compensation agreement."  We affirmed that partial final judgment, recognizing that the district court's factual determinations were "well-

5

supported by the record as a whole." Wachovia Bank N.A., Nat. Ass'n v. Tien,
598 F. App'x 613, 618 (11th Cir. 2014) (per curiam).

The action proceeded in the district court with respect to any other claims
that the parties had against one another, namely AUC's claims for treble damages
against Henry and Ming for conversion and civil theft. The district court granted
summary judgment by default against Henry and in favor of AUC regarding
Henry's liability for conversion and civil theft. The district court then held a third
bench trial to determine liability and damages with regards to Ming and damages
with regards to Henry. The court found that Ming was a knowing participant in
Henry's scheme. Specifically, the district court concluded that Ming "acted with
felonious intent to illegally transfer the funds so that [she and Henry could use
them] to pay both living and litigation expenses." The court determined that Henry
and Ming were jointly and severally liable for the damages caused by the
conversion and civil theft. The court awarded treble damages plus interest, totaling
$3,798,814.70. The district court also rejected Henry's statute of limitations
defense, finding that both actions were timely filed.

Ming appealed. She argued, inter alia, that the district court erred: (1) by
finding her liable for civil theft, and (2) by concluding that AUC's conversion
claim was timely based on the delayed discovery doctrine. We affirmed the
district court's "determination that Ming had the requisite felonious intent and was

liable for civil theft by clear and convincing evidence." Wachovia Bank N.A. v. Tien, 658 F. App'x 471, 475 (11th Cir. 2016) (per curiam).  Regarding the statute of limitations defense, however, we concluded that the discovery doctrine did not apply to a conversion claim and therefore the conversion claim was untimely unless the conversion was fraudulently concealed.  Id. at 476.  We therefore vacated the judgment and remanded the case for the district court to determine: (1) whether the statute of limitations did not begin to run at the time of the conversion because the conversion was fraudulently concealed; and/or (2) whether the damages award is supported by the civil theft claim alone and, if not, the apportionment of damages between the civil theft and conversion claims. Id.

After additional briefing on those issues, the district court concluded that the entire damages award is "completely supported by AUC's civil theft claim" and thus did not reach the issue of whether AUC's conversion claim was timely filed. This is Ming's appeal of that judgment.

## II.  STANDARD

Following a bench trial, we review a district court's findings of fact for clear error and its conclusions of law de novo.  Travelers Prop. Cas. Co. of Am. v. Moore, 763 F.3d 1265, 1268 (11th Cir. 2014).

7

### III. DISCUSSION

Ming does not argue that the district court erred by determining that the entire damages award was supported by AUC's civil theft claim.  Rather, her arguments challenge this Court's previous affirmances of the district court's conclusions that Ming was liable for civil theft and that Henry was not permitted to reregister AUC's stock pursuant to a deferred compensation agreement.  Specifically, Ming argues: (1) she cannot be liable for civil theft under Florida law unless AUC can also maintain a timely claim against her for conversion, and (2) Henry's claim that he had a deferred compensation agreement with AUC precludes holding her liable for treble damages because Florida law does not permit treble damages in a civil theft case in which the underlying dispute is contractual.  We reject both of Ming's claims.

"Under the 'law of the case' doctrine, the 'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.'"  Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir. 1990) (per curiam) (quoting Westbrook v. Zant, 743 F.2d 764, 768 (11th Cir. 1984)).  The doctrine applies to "issues that were decided explicitly or by necessary implication."  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) (per curiam).  This Court has identified "a few discrete

8

exceptions to the law of the case doctrine," id. at 1292, none of which Ming contends are applicable here.

In Ming's last appeal, we affirmed the district court's "determination that Ming had the requisite felonious intent and was liable for civil theft by clear and convincing evidence." Wachovia Bank, 658 F. App'x at 475. Although Ming argued in that appeal that AUC's conversion claim was barred by the statute of limitations, Ming did not contend that she could not be liable for civil theft due to the untimeliness of the conversion claim. See id. at 473 (listing Ming's arguments). Ming has therefore waived this argument. See Heathcoat, 905 F.2d at 370–71 (finding that a party waived an argument by failing to raise it in a previous appeal in which the Court necessarily decided that issue).

Furthermore, Ming's liability argument is based on an incorrect interpretation of Florida law. Specifically, the fact that AUC's conversion claim may have been untimely does not preclude a finding of liability for civil theft against Ming. To be sure, Ming may be correct that the conversion of property is a factual element of civil theft in Florida. See Gasparini v. Pordomingo, 972 So. 2d 1053, 1056 (Fla. Dist. Ct. App. 2008). But nothing in Gasparini, the case on which Ming relies, suggests that a party must be able to technically maintain a conversion claim in order to prevail on a civil theft claim. Rather, in Gasparini, "there was no factual basis to support a claim for conversion" or civil theft because

9

that case involved "a simple debt which c[ould] be discharged by the payment of money." Id. at 1055–56. Contrary here, the district court found a factual basis to support a claim for conversion and therefore also a claim for civil theft. Because the district court's factual findings satisfy the elements of conversion and civil theft, it does not matter that AUC's conversion claim may have been untimely.

Finally, Ming claims that she cannot be liable for treble damages because Henry's defense involved claiming that AUC owed him money pursuant to a deferred compensation agreement. Ming may be correct that Florida law precludes treble damages for a civil theft claim in which the underlying dispute is contractual. Cf. Rosenthal Toyota, Inc. v. Thorpe, 824 F.2d 897, 903 (11th Cir. 1987) (affirming an award of treble damages against one of the defendants because that defendant was not a party to the contract). But the district court found, and this Court affirmed, that Henry did not have a contract entitling him to AUC's stock. Thus, this case does not involve a contractual dispute under the law of the case. Ming's argument against treble damages must therefore also fail. For all of these reasons, the judgment of the district court is

**AFFIRMED.**